JUDfiE BÜTiLITT
delivebed the opinion of the ooukt:
Wickliffe sued Duncan, by an ordinary petition, filed March 27, 1862, to recover the amount of a note executed by Duncan to Wickliffe ; and upon an affidavit that Duncan was a nonresident obtained an attachment of bis property. At the ensuing; term of the court, and after the lapse of more than 20 days irom the filing of the petition, Duncan filed an affidavit, in which he denied that he was a non-resident, and prayed for a discharge of the attachment. Afterward, at the same term, no answer to the petition having been filed by Duncan, and process not having been served, a personal judgment was rendered against him for the amount of the note, from which he appealed.
The only question is, whether or not the filing of the affidavit, to procure a discharge of the attachment, was an appearance to the action.
The attachment authorized by section 221 of the Code is not merely a proceeding in rem, like that authorized by the act of 1837, (3 S. L., 12,) and by the act of 1838, (3 S. L., 116.) The *119 attachment authorized by said section is a provisional remedy in a personal action. It is not distinct, and cannot be separated from the action. If the petition shows no cause of action, or if the cause of action which it states is successfully controverted, the attachment must be discharged. It may, therefore, be assumed that a defendant desiring to controvert an attachment will present his defense to the action, if he has any. His motion to discharge the attachment, without presenting a delense to the action, authorizes the- inference that he has no defense to the action.
Section 289 of the Code declares that the affidavit of the plaintiff, upon which the attachment is issued, and the affidavit of the defendant, controverting that of the plaintiff, “shall be regarded as the pleadings in the attachment, and have no other effect.” It is believed that the words which we have italicized were introduced merely for the purpose of preventing the affidavits from being regarded as evidence.
Section 450 declares that “no personal judgment shall be rendered against a defendant constructively summoned, or summoned out of this State, as provided in section 86, and who has not appeared in the action;” from which it is evident that the framers of the Code contemplated that a personal judgment might be rendered against a defendant constructively summoned, if he appeared in the action.
Section 761 declares that, “in an action where an attachment has been granted, the execution by of for the defendant of a bond whereby the attachment is discharged, or the possession of the attached property is obtained or retained by him, shall be an appearance of such defendant in the action.” We perceive no reason for making the execution of such a bond an appearance to the action, which does not equally apply to the filing of an affidavit controverting the attachment. The execution of the bond, being an act in pais, would not have been an appearance to the action, if it had not been so declared by the statute. The fact that it was so declared shows that the framers of the Code regarded the action and the attachment as constituting but one proceeding. And, in accordance with this view, it has been decided by this court, that an *120 attachment may issue upon the statement of the proper facts in the petition, if sworn to, and that in such case a separate affidavit is unnecessary; (Scott vs. Doneghy, 17 B. Mon., 321;) and that where an attachment has been issued upon a separate affidavit of the plaintiff, ic may be controverted by the answer of the defendant, without a separate affidavit; (Talbot vs. Pierce, 14 B. Mon., 195;) and, finally, that an appeal to this court, by a defendant constructively summoned, from a judgment sustaining an attachment, is an appearance to the action, which, upon the return of the cause, would authorize a personal judgment against him, unless he make a defense to the action by answer or demurrer. An appeal from a judgment sustaining an attachment, being an appearance to the action, it seems to follow, necessarily, that a motion to discharge the attachment, or the filing of an affidavit controverting the attachment, is entitled to the same effect.
There is perhaps no just foundation for the apprehension expressed by counsel that, if a defendant cannot resist a wrongful attachment, without subjecting his person to the jurisdiction of the court, parties may frequently obtain wrongful attachments for the purpose of giving to the court personal jurisdiction over the defendant; because a person cannot act thus without rendering himself liable for damages.
Whether or not a defense by a defendant constructively summoned, acting through an attorney appointed by the court, under section 440 of the Code, would be an appearance to the action, is a question not now before us, and upon which we express no opinion.
Duncan did not ask for a continuance, nor for time to present an answer, nor object to the rendition of the judgment. Consequently, we need not decide whether or not the rendition of the judgment, at the same term at which he appeared, was erroneous; because, if erroneous, it was a clerical misprision, (Code, section 578,) and cannot be complained of here, as no motion was made to correct it in the court below. (Code, sec. 580.)
The judgment is affirmed.