JUDGE HAEDIN
delivered the opinion oe the court.
The appellant sold a female slave named Jane to the appellee for four hundred dollars in 1860, and executed and delivered to him a bill of sale containing a warranty of the soundness of the slave. Subsequently the appellant removed from this state; and the slave proving to have been diseased, this suit in equity was brought by the appellee for the breach of warranty, and to attach in the hands of James Rankin a debt of three hundred dollars which he owed the appellant.
In the progress of this proceeding in rem the plaintiff filed, an amended petition, alleging certain material facts, and stating that the same were true, and known to be so by the defendant; and that, so far as the plaintiff knew or believed, they could not be proved or shown otherwise than by the defendant’s answer. These statements were equivalent to the affidavit authorized by section 439 of the Civil Code of Practice, and the averments of the amended petition might have been taken as true, if not denied by the defendant by an appropriate answer. Apparently to avoid this effect, the defendant by counsel filed an answer, sworn to by him in the state of Indiana, controverting some of the allegations of the amended petition, and asking a dismission of the action and a judgment for his costs, but with the precautionary statement in the answer that it was made mthout entering his personal appearance in the action, which he distinctly refused to do. The circuit court adjudged that the plaintiff was entitled for the breach of warranty to the sum of $357.71, with interest from the 24th of March, 1865, and also the sum of forty dollars, with like interest; and ordered the payment by Rankin of three hundred dollars, with interest from January 1, 1868, *450 in part satisfaction of said indebtedness. But although the pleading of the plaintiff was such as to authorize a personal judgment against the defendant upon proper service of process or appearance, the court, being of the opinion that the defendant was not personally before the cpurt, refused to render a personal judgment against him; and for this the plaintiff now seeks a reversal of the order dismissing the residue of the action.
Whatever may have been the purpose of the plaintiff in amending the petition, or of the defendant in answering it, we are constrained to regard the action of the defendant as a substantial personal appearance in the action. Notwithstanding the disclaimer in the answer of any intention to enter the personal appearance of the defendant, as the answer must have had the effect of a pleading filed under ordinary circumstances, and thus have affected the rights and responsibilities of the plaintiff, and enabled the defendant on the issues thus formed to contest the plaintiff’s claim, and to recover his costs if successful in the defense, we must regard the position of the defendant after filing his answer as that of a party personally before the court; and the court erred in refusing to render a personal judgment in the action.
Wherefore the judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.