CASE 59—ACTION ON ACCOUNT—APRIL 28.

## Stix, Etc. v. Eversole's Administrator, Etc.

APPEAL FROM PERRY CIRCUIT COURT.

PERSONAL REPRESENTATIVES—WAIVER OF DEMAND.—A personal representative may waive the demand required by section 3872 of the Kentucky Statutes; and the filing by him of a general demurrer to the petition against him for a claim against his decedent is a waiver of such demand.

E. E. HOGG, FOR APPELLANTS.

1. The appellees laid no foundation for the motion for a rule to dismiss.
2. The court erred in making the rule absolute and dismissing the petition on the record alone.

Citations: Thomas v. Thomas, 15 B. M., 184; Nuttle v. Brannin, 5 Bush, 11.

Stix, &c., v. Eversole's Admr., &c.

JOHN C. EVERSOLE, FOR THE APPELLEES.

1. The court properly dismissed the petition for lack of the affidavit and demand required by the statute. Ky. Stats., secs. 3870-1; Leach v. Kendall's Admr., 13 Bush, 424; Trabue's Exrs. v. Harris, 1 Met., 597. The statement in Hogg's deposition that the account was properly proven was insufficient; he does not show who the two witnesses were who proved the claim.

2. If the rule of plaintiff was improperly granted for lack of the affidavit, the defect was waived by failing to make objection at the time.

CHIEF JUSTICE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

A personal representative may waive the demand required by section 3872, Kentucky Statutes, of claims against the decedent's estate (Thomas v. Thomas, 15 B. Mon., 184; Howard v. Leavell, 10 Bush, 481); and if he files a general demurrer to the petition it is then too late to object to the further prosecution of the action against him for want of such demand and proof (Usher v. Flood, 12 Ky. Law Rep., 721, [17 S. W., 132]). The trial court in the appeal before us dismissed the petition of the appellants upon the belief that there was not sufficient proof of a demand for the payment of the claim sued on, accompanied by the proper affidavit. But prior to the motion to dismiss for that reason the appellees had filed a general demurrer to the petition. The attention of the trial court seems not to have been called to this fact, or to the question of waiver now raised.

The judgment dismissing the petition is reversed, and cause remanded for proceedings not inconsistent with this opinion.