## Gray v. Graziani, et al.

(Decided September 29, 1915.)

Appeal from Kenton Circuit Court.
(Common Law and Equity Division).

1. Executors and Administrators—Suit to Settle Decedent's Estate —Claims Against.—Where a distributee of an estate, in a suit

for a settlement of it, makes a motion to strike out a portion of the answer and cross petition of a claimant and makes no objection to the claim because of the failure of the claimant to verify it, it is an actual appearance to the suit, and a waiver of the right to object by such distributee to a judgment upon the claim, because of the failure of the claimant to verify it, as required by section 3870, Kentucky Statutes.

2. Bonds—Required by Section 410, Civil Code.—The bond required by section 410, of the Civil Code, before judgment against a non-resident, is not necessary to the validity of the judgment, where the non-resident has made an appearance to the suit before the rendition of the judgment.

3. Executors and Administrators—Settlement of Estates—Liens.—A creditor who institutes a suit for the recovery of a debt against a decedent's estate, and for a settlement of the estate, within six months after the death of the decedent, and in the petition filed for a settlement of the estate, describes the real estate owned by the decedent, has a lis pendens lien upon such real estate to secure the payment of his debt.

4. Executors and Administrators—Suit to Settle Decedent's Estate.— In a suit to settle the estate of a decedent, where the claim of a creditor is contested by the administrator and heirs, and an issue out of chancery is had upon the claim, and the jury finds in favor of the creditor, and the finding is approved by the court, this is a judgment recovered against the decedent's estate, within the meaning of section 107 Kentucky Statutes.

5. Attorney and Client—Lien Upon Judgment for Fee.—An attorney who prosecutes a suit upon a claim to a judgment, has a lien upon the judgment for his fee, and is an equitable assignee of the judgment, to the extent of his lien, and may enforce it to the extent of his lien, although the person in whose favor the judgment is recovered, may settle the judgment without receiving money or other thing of value therefor.

6. Judgment—Assignment of—Lien.—If a judgment is a lien upon real estate, an assignment of it, by operation of law, carries with it to the assignee the benefit of the lien.

CHAS. M. F. STRIGER and RICHARD H. GRAY for appellant.

B. F. GRAZIANI and G. F. BOUGHNER for appellees.

OPINION OF THE COURT BY JUDGE HURT.—Affirming.

Mary A. Segars died, intestate, on the 1st day of January, 1907, and left as her only heir at law one Emma Biggs. On the 1st day of March, 1907, Nora Holliday, by her attorneys, H. J. Gauspohl and B. F. Graziani, filed a suit in the Kenton Circuit Court, against George Glendon, administrator of the decedent, Emma Biggs, and Andy Biggs, her husband, the Permanent Building and Loan

Association, and Harbick & Rose. The plaintiff, Nora Holliday, sued as a creditor of the decedent, and sought a settlement of her estate. The basis of the claim of the plaintiff against the decedent was an alleged contract, by which she claimed, that in consideration of personal services and labor performed by her for the decedent, for the period of about seven years theretofore, the decedent had agreed to devise by will certain real estate in Covington, to the plaintiff, but had died without performing her contract to convey the real estate to her, and without making any will, and prayed a judgment against the estate of the decedent for the value of her alleged services. The Permanent Building and Loan Association and Harbick & Rose were alleged to be creditors of the decedent, and a reference of the cause was asked to be made to the master commissioner of the court, and the real estate of the decedent, which was described in the petition, be sold to satisfy the indebtedness against the estate. Personal service was had upon all of the defendants. The defendant, Emma Biggs, and the administrator filed an answer, contesting the claim of Nora Holliday, and an issue out of chancery was had for the trial of the issues between Nora Holliday and the estate and heir. A jury trial was had, which resulted in a verdict of $900.00 in favor of Nora Holliday, and on the 20th day of April, 1910, the court rendered a judgment reciting the verdict of the jury and approving of its finding, and adjudged that Nora Holliday recover of the defendant, Emma Biggs, the amount of the verdict with her costs. On the 2nd day of May, 1910, an order was entered in the case, adjudging that Graziani and Gauspohl had a lien upon the judgment for the sum of $450.00, and they having filed in court a written contract with Nora Holliday, by the terms of which they were to have as a fee for their services, a sum equal to one-half of the recovery. On the 8th day of June, 1910, an order was entered setting aside the judgment of April 20th, 1910, so far as it rendered any judgment in favor of Nora Holliday against Emma Biggs, which left nothing of that judgment in force, except the part of it which recited that the jury had found as a fact, that decedent was indebted to Nora Holliday, in the sum of $900.00, and approved the finding of the jury. The Permanent Building and Loan Association filed an answer, which it made a cross petition against the defendants alleging that it had

two debts against the decedent, which were secured by a mortgage on the real estate described in the petition, and afterwards, by an amended answer and cross petition, showed that the debts had then become due, and asked to have its lien enforced, and the real estate sold to satisfy the mortgage debts. It, however, did not file with its claim, at any time, the affidavit required by section 3870, Ky. Statutes, to be filed with a demand against the estate of a decedent. No personal service by way of summons was executed upon Emma Biggs to answer this cross petition, but it was alleged, by affidavit, that she was a non-resident of the State, and a warning order was made against her. The cause was referred to the master commissioner to hear proof of and report claims against the decedent, other than that of the claim of Nora Holliday. A report was made which showed that the administrator had no assets in his hands, which was approved. Harbick & Rose did not answer nor file any claim.

On January 10th, 1912, the cause was submitted and a judgment rendered to the effect that the Permanent Building and Loan Association had a prior lien upon the lands described in the petition, and that it was necessary to sell the lands to pay the debts of the decedent, and adjudging that the lands be sold and the sale bonds be made payable to the master commissioner of the court. This judgment has never been modified nor set aside. Emma Biggs prayed and was granted an appeal from this judgment, but never appealed.

On July 12th, 1912, Nora Holliday and Emma Biggs and the administrator filed a writing in court, directing the court to dismiss the appeal of Emma Biggs from the judgment of January 10th, 1912, and the suit, and entered a motion accordingly, but this motion does not seem ever to have been passed upon by the court. On April 27th, 1910, Emma Biggs and her husband executed to Richard H. Gray, who was their attorney in the litigation, a mortgage upon the real estate described in the petition, among other things to secure him payment of a reasonable fee for his services as their attorney.

On the 4th day of November, 1912, B. F. Graziani and H. J. Gauspohl and G. T. Boughner, as the assignee of Gauspohl, filed a petition, to which they made Richard H. Gray a defendant, and, also, caused a warning order to be made against Emma Biggs, in which they alleged that

by reason of the verdict of the jury and judgment of the court against Emma Biggs, in favor of Nora Holliday, they had a lien upon the lands in controversy for the sum of $450.00, and that the adjustment of that controversy between Nora Holliday and Emma Biggs and the motion to dismiss and discontinue the case as to Nora Holliday, was a fraudulent arrangement entered into by Holliday and Biggs and Gray, for the purpose of defeating their alleged claim and lien for a fee, and asked the court to adjudge them a lien upon the land for the sum of $450.00, at which their fee had been fixed under the contract with Nora Holliday, and that the lands be sold to satisfy their lien. A judgment was sought against all the defendants in the suit, and also Gray, and Emma Biggs was constructively summoned.

Gray filed an answer, in which he denied all the allegations of the petition of Graziani, &c., and made his answer a cross petition against Emma Biggs, and sought a judgment against her and an enforcement of his lien in satisfaction of the judgment upon the lands embraced in his mortgage. Emma Biggs was constructively summoned by warning order to answer the cross petition of Gray, and never appeared. After the taking of proof upon the issues made by the petitions of Graziani, &c., and the answer of Gray, the case was submitted for trial, and on April 16th, the court entered a judgment, in which it was adjudged, that the Permanent Building and Loan Association had a prior lien upon the real estate, and adjudged that it be sold to pay the debts, interest, and cost, and, also, that Graziani and Boughner have a lien upon the same real estate for $450.00, with interest and costs, subsequent to the lien of the Building and Loan Association, and that Gray had a lien thereon for $600.00, with interest and costs, inferior to the lien of Graziani, &c., and that these amounts all be paid out of the proceeds of the sale of the real estate. Gray excepted to the judgment, and prayed an appeal to this court.

Emma Biggs does not appeal, and the only complaining party is the appellant, Gray, and his interest in this case is as a lien holder against the lands in controversy, which are sought to be subjected to the payment of the debts of the Building and Loan Association, and that of Graziani, &c. The objections urged to the validity of the judgment in favor of the Building and Loan Association are, that its claim was never verified before judgment,

as required by section 3870, of Kentucky Statutes, and that no bond was executed prior to the judgment, as required by section 410, of Civil Code. The record, however, discloses the fact that no objection was ever made to the allowance of the claim of the Building and Loan Association on account of the want of the affidavit required by section 3870, and that Emma Biggs made a motion to strike out of the pleadings of the Building and Loan Association, before judgment, a portion of the prayer of the cross petition, which motion was sustained. The administrator joined with Emma Biggs, in the motion to dismiss her appeal from the judgment of January 10th, 1912. These actions of the administrator and Emma Biggs were a waiver on the part of each of the right to object to a judgment upon the claim for want of verification.

The provisions of Section 410, of the Civil Code, which requires the execution of a bond to a non-resident defendant, who is before the court upon constructive service, before a judgment can be rendered against such defendant, only apply when the defendant has not appeared in the action. The motion of Emma Biggs to strike from the answer and cross petition of the Building and Loan Association, and which was sustained, is an entry of her appearance to the action of the Association. Tipton v. Wright, 7 Bush, 448; Duncan v. Wickliffe, 4 Met., 118; Trimble v. Hunt, 15 R., 707, 25 S. W., 108.

The appellant complains that the court below was in error in adjudging that appellees, Graziani and Boughner, have a lien upon the lands described in the petition, subsequent to the lien of the Building and Loan Association, and superior to the lien of appellant. His contention is that no judgment was rendered in favor of Nora Holliday, and that she and Emma Biggs, in good faith, settled their differences without the payment to Nora Holliday of money or anything of value, and that Holliday gave up her claim against decedent's estate, and hence the appellees have no claim against Emma Biggs for any part of their fee. Section 107 Ky. Statutes, provides that attorneys have a lien upon all claims and demands put into their hands for suit or collection, or upon which suit has been instituted, for the amount of any fee which may have been agreed upon by the parties, and if the action is prosecuted to a recovery, a lien upon the judgment, and if the records show the name of the

attorney, the defendant in the action shall have notice of the lien. It is not disputed that Nora Holliday placed her claim in the hands of appellees as her attorneys, and agreed to pay them for their services a sum equal to one-half of the recovery, and that they instituted suit for her upon the claim, and their names appeared upon the records as her attorneys. This suit was one for the settlement of the estate of Mary Segars, deceased, and the lands were fully described in the petition, the claim sued upon was a debt of the decedent, and the suit was instituted within six months after the death of the decedent. By the provisions of section 2087 Ky. Statutes, Nora Holliday had a lien upon the lands of decedent described in the petition to secure the payment of the recovery, as a debt against the decedent. An issue out of chancery having been ordered and a trial by jury had as to the validity of her claim, the jury returned a verdict upholding her claim and finding that decedent owed her the sum of $900.00. A motion to set aside this verdict was made and overruled, and the court entered an order approving the finding of the jury, and adjudging, in effect, that the claim of Holliday for $900.00 was a valid debt owing by the estate of decedent to her. In a suit for the settlement of an estate, when the commissioner of the court has made a report of the claims, which he finds to be debts owing by the decedent, and this report is duly approved by the court, it is a judgment in favor of the claimants against the decedent's estate for the amount of their claims, respectively. The finding of the jury and the judgment of the court, thereon, in this case, was a proceeding of equal dignity and effect, with a hearing before a commissioner and an approval of his report. Thereafter the court adjudged that the lands be sold to pay the debts of decedent. An order was duly made, adjudging the appellees to have a lien upon the judgment of Holliday, for the sum of $450.00. Thereafter Holliday could dispose of her judgment in any way of which she chose, but she could not do so to the prejudice of the rights of appellees. L. & N. R. R. Co. v. Proctor, 21 R., 447; Cyclopedia of Law and Procedure, Vol. 4, 1012. She seems to have agreed, either with or without consideration, it is immaterial which, with Emma Biggs, to give up and forbear the collection of her judgment. This was a judgment against the administrator of decedent, and there being no assets in his hands, was a lien upon

the lands. The appellees had an equitable right to be paid for their services out of the proceeds of the judgment, in the character of equitable assignees of one-half of the amount of the judgment. The lien had by them upon the judgment applies to anything upon which the judgment was a lien. Cyc. Vol. 4, 1005; 1012-1913. This judgment was in favor of Nora Holliday against the administrator, or against him and Emma Biggs, and the appellees had the right to enforce the collection of it to the extent of satisfying their lein. Emma Biggs actually appeared and defended the action, in which the judgment was recovered, and was actually served with a summons, in that case, and it was not necessary to execute the bond required by section 410. of the Civil Code, before judgment.

The judgment rendered in favor of appellant, Gray, is a judgment against Emma Biggs, who created his lien upon the land since the death of decedent, Mary Segars, and hence it must be subsequent to the liens of the creditors of the decedent, who have *lis pendens* liens.

The judgment is favor of Permanent Building and Loan Association and Graziani and Boughner, as well as that of appellant, are judgments enforcing their liens, without any personal judgments against the persons owing the debts, but that is not a valid objection to the judgments, since they each had a right to forego a personal judgment against their debtors, if they chose.

The judgment of January 10th, 1912, and the one appealed from, may be considered as one judgment in the case, and it appearing that the judgment does substantial justice, it is, therefore, affirmed.