## Allcock v. Allcock.

(Decided March 16, 1917.)

### Appeal from McCracken Circuit Court.

1. Husband and Wife—Alienation—Evidence.—In an action brought by the wife against her mother-in-law to recover damages for the alienation of her husband's affections by the latter, testimony offered by the wife as to certain acts of the husband and statements made to her by him were properly excluded by the trial court, as the testimony was such as is made incompetent by section 606, subsection 1, Civil Code, which prevents either husband or wife from testifying concerning any communication between them during marriage. The word "communication," as used in that section, should be given a liberal construction so as to embrace not only mere statements by the husband to the wife or vice versa, but also all knowledge upon the part of one or the other obtained by reason of the marriage relation, and but for which the confidence growing out of it would not have been known to the party.

2.  Husband and Wife—Change of Beneficiary in Policy of Insurance—Evidence.—Testimony offered by the wife to the effect that the husband, before their separation, changed the beneficiary in a policy of insurance on his life, was also properly excluded by the court, as it was not made to appear from the avowal that the wife had personal knowledge of the transaction, nor that the mother had any part therein or knowledge thereof.

3.  Husband and Wife—Alienation—Appeal and Error—Evidence.— The exclusion by the court of testimony offered by the wife that the mother-in-law demanded a deed or mortgage on the residence property of herself and husband to secure an indebtedness the husband was owing her, was not prejudicial error. If, as was admitted, the husband was indebted to his mother, her request for the deed or mortgage as security for the debt, was what, as a creditor, she had the right to demand; in view of which, the transaction cannot be said to circumstantially conduce to prove any purpose or malicious intent on the part of the mother to alienate the husband's affections from his wife.

4.  Husband and Wife—Alienation.—As a matter of law, the mother had a right to counsel or advise her son regarding his relations with his wife, if such counsel or advice was given in good faith for the welfare of the son and without any purpose on her part to deprive the wife of his affections or society. Such relationship, however, will not excuse a malicious interference on the part of the mother with the domestic affairs of the son, but to make her guilty of wrongfully alienating his affections from his wife, it must be shown that the mother acted with malice.

5.  Husband and Wife—Instructions—Trial.—An instruction which told the jury that if they believed from the evidence the plaintiff herself, by her own misconduct, brought about the trouble between herself and husband or that she of her own accord left her husband and was not so induced to do by the defendant, wrongfully and maliciously, as set out in the other instructions, they should find for the defendant, was not error; as the issue of fact thereby submitted to the jury was made by certain averments of the petition, which were specifically denied by the answer.

6.  Appeal and Error—Verdict.—As it does not appear from the record that the verdict returned by the jury in behalf of the defendant is flagrantly against the evidence it will not, on appeal, be disturbed.

BERRY & GRASSHAM for appellant.

EATON & BOYD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE— Affirming.

In this action, brought in the court below, by the appellant, Anna Allcock, wife of Conley I. Allcock, against the appellee, Annie L. Allcock, mother of Conley I. Allcock, the former sought to recover of appellee $25,000.00 damages for the alienation of her husband's affections. On the trial the jury returned a verdict for the appellee, and the appellant's dissatisfaction with that verdict and the judgment entered thereon, resulted in the prosecution by her of this appeal.

The petition contains the allegations customarily employed in this character of case, being to the effect that the appellee, by reason of the parental influence which her relationship with the appellant's husband enabled her to exercise, wilfully and maliciously poisoned the mind of the latter against appellant and deprived her of his affections, and, in addition, caused him to treat her with such indifference and brutality as to destroy her happiness and compel her to leave his home and return to that of her mother. The material averments of the petition were traversed by the appellee's answer.

It would result in no good to enter upon a discussion in detail of the evidence. It is sufficient to say that it was very conflicting; that of appellant conducing to show that from the time of her marriage with Conley I. Allcock, July 14th, 1914, down to the spring or summer of 1915, his conduct toward her was most affectionate and considerate, and that the first rupture between them was brought about by appellee's insistence upon making her home with appellant and her husband, and bringing with her to reside therein a Mrs. Fannie Stanley, who had lived with appellee for many years prior to the marriage of her son with appellant; that appellant willingly consented for appellee to take up her residence in her home, but refused her consent to Mrs. Stanley's becoming an inmate thereof; that from the time of this rupture down to appellant's compulsory abandonment of her husband's home the latter, influenced and instigated by appellee, ceased to manifest for her the affection to which she was entitled as his wife, and gradually became so estranged from, and disagreeable to, her as to leave no doubt of a complete alienation of his affections. On the other hand, the evidence introduced in behalf of appellee strongly conduced to prove that she did not interfere between appellant and her husband

or bring about any rupture between them, but on the contrary, did all in her power to adjust the differences between them and otherwise promote the happiness and welfare of each of them. Indeed, the witnesses, Mrs. Goodman, Mrs. Albritton, Messrs. Bell, Miller, Albritton and Goldson, friends of all the parties concerned, testified that at appellee's request, they attempted to bring about a reconciliation between appellant and her husband, in which, however, they did not succeed.

It is alleged in the petition that appellee is the mother of appellant's husband, and that he is her only child. As a matter of law this relationship gave appellee the right to counsel and advise her son regarding his relations with appellant, if such counsel and advice were offered in good faith for the welfare of the son, and without any purpose on her part to separate him from appellant, or to deprive the latter of his affections or society. It is, however, proper to say that such relationship will not excuse a malicious interference on the part of the parent with the domestic affairs of the child, but to make the parent guilty of wrongfully alienating the affections of the child from his or her wife or husband, the parent must have acted with malice. 21 Cyc. 619; Willey v. Howell, 159 Ky. 806; Hostetter v. Green, 150 Ky. 551; Hostetter v. Green, 159 Ky. 511. From the outline above given of the evidence it will readily be seen that its contrariety was such as to make the case peculiarly one to be submitted to, and decided by, the jury. Indeed, this is tacitly conceded by counsel for appellant, as they make no claim that the verdict was flagrantly against the evidence.

It is, however, insisted for appellant that the judgment should be reversed because of error of the trial court: (1) in excluding certain evidence offered in her behalf; (2) in instructing the jury. The first item of excluded evidence is found on page 3, bill of evidence, in the following statements appellant would have made, in answer to the question "What was the occasion of your going home?" Avowal: "The reason I went home in September was because of the mistreatment of me by my husband. He had become so indifferent and abusive that I could not live with him with any kind of peace or satisfaction. He refused to speak to me or to have anything to do with me and frequently when he did speak, which was not very often, he would tell me I had better

go home, that he would give me $500.00 and that would be the end of it." It does not appear from the bill of evidence that the above evidence or the question, in response to which it would have been given, was objected to by appellee's counsel. The evidence was excluded by the court on its own motion. The record, however, fails to show that any objection was made or exception taken by appellant to its exclusion by the court. Hence, the ruling of the court in excluding it cannot be reviewed by us.

The second item of excluded evidence (page 4, bill of evidence) consists of the following statements, it was avowed appellant would have made, regarding her husband's conduct toward her during her illness before and after he had seen his mother: "His conduct before he saw his mother, when he came home, would be exceedingly kind and affectionate." "After he had seen her and then came in my presence, he would treat me with absolute indifference, and seemed to have an abhorrence for me." We find no error in the exclusion of this evidence by the court; to say nothing of its expressing mere conclusions of the witness, it is such testimony as is made incompetent by section 606, subsection 1, Civil Code, which declares:

"Neither a husband nor his wife shall testify while the marriage exists, or afterwards, concerning any communication between them during marriage. Nor shall either of them testify against the other." It is clear that the testimony in question relates to facts communicated to the wife by reason of the marital relations between herself and husband, through the acts, if not by the direct declarations, of the husband; and in Commonwealth v. Sapp, 90 Ky. 580, with respect to the meaning to be given the word "communication," appearing in the section of the code, *supra,* we said:

"The word 'communication,' therefore, as used in our statute, should be given a liberal construction. It should not be confined to a mere statement by the husband to the wife or *vice versa,* but should be construed to embrace all knowledge upon the part of one or the other obtained by reason of the marriage relations, and but for which the confidence growing out of it would not have been known to the party." In Lucht v. Lucht, 129 Ky. 700, it is said:

"If the testimony offered by the wife as to what her husband told her when no one else was present was not a 'communication' between them, we are at a loss to know what would be a communication."

Manifestly, the conclusions expressed in the avowal as to what appellant would have testified, must have been drawn from the acts or language of the husband, or based upon knowledge obtained by reason of the marriage relations; and if obtained in either of the ways mentioned, the matter to which the testimony related was a communication in the meaning of the provision of the code, *supra,* and, for that reason, incompetent as evidence.

The third item of excluded evidence relates to the act of appellant's husband in changing the beneficiary in a policy, for $3,000.00, on his life in the Prudential Life Insurance Company; it being avowed that appellant would testify that this change was made shortly before she left her husband, by the substitution in the policy of the name of appellee as beneficiary for that of appellant. It does not appear from the avowal how the information of this change in the policy was obtained by appellant, or that she had personal knowledge thereof; nor was it shown that appellee had any part in the transaction, or knowledge thereof. If it should be conceded that this testimony, coming from appellant, could, in any aspect of the case, be regarded as competent, as the record fails to show that her knowledge of the transaction was of a character that qualified her to give the testimony, and the best way to prove the fact was by the introduction of the policy itself or, if not to be had, the record of the insurance company, showing the transaction, identified by the custodian of such record, we are authorized to say that the ruling of the court in excluding the evidence in question was error.

The fourth and final item of excluded evidence relates to an alleged conversation between appellant, her husband and appellee, while the former and her husband were living together; the avowal being that appellee then demanded either a deed or a mortgage on their residence property to secure an indebtedness she claimed the husband was owing her; at which time the husband said to appellant, in the presence of appellee, that if they did not give the mortgage appellee would put them out of the house. While the transaction in question was

apparently one as to which appellant had the right to testify notwithstanding the marital relations, because of appellee's presence and connection with it, in the absence of the circumstances attending it, we are unwilling to declare the exclusion of the evidence, by the court, error. The avowal only shows that appellee requested that the mortgage be executed, giving as a reason therefor that she wished it to secure an indebtedness the son owed her, which the son admitted to be true. The avowal, however, does not show that the mortgage was, in fact, executed. The presumption is authorized that appellant's husband was owing his mother, as claimed by the latter, and, if so, her request for the mortgage as security for the debt was what she, as creditor, had the right to demand under the circumstances. In this view of the matter, we are unable to perceive how the transaction circumstantially tends, even in the remotest degree, to show, as claimed by appellant's counsel, any purpose on the part of appellee to create dissension between her son and his wife, or a malicious intent on her part to alienate his affections from the wife.

Appellant's remaining contention involves consideration of only one of the instructions given the jury by the trial court, viz.: Instruction No. 5. As the other instructions from 1 to 4, inclusive, aptly state the law and are not complained of by appellant, it is deemed unnecessary to copy them in the opinion, but instruction No. 5, of which appellant's counsel complain, is as follows:

"If you shall believe from the evidence that the plaintiff herself, by her own misconduct, brought about the trouble between herself and her husband, or that she, of her own accord, left her husband and was not induced so to do by the defendant, Annie L. Allcock, wrongfully and maliciously, as is set out in the other instructions, then you should find for the defendant." It is insisted for the appellant that this instruction was highly prejudicial to the appellant because the issue of fact submitted by it to the jury was not made by the pleadings. It is true that the answer of appellee does not allege that appellant voluntarily or of her own accord left her husband, but it specifically denies the following allegations of the petition:

"Plaintiff states that by the acts and conduct of said defendant as above stated she has knowingly and pur-

posely alienated the affections of her husband from this plaintiff, resulting in the complete severance of the marital relations; has necessitated this plaintiff returning to her mother's home and leaving that of her said husband and causing her to lose the solace, companionship and protection of her said husband, all of which was entirely without fault in any way upon her part, but caused solely and brought about absolutely by the wilful, intentional and deliberate acts of the defendant.''

The denial by the answer of each of the foregoing allegations of the petition as fully made the issue of fact submitted by instruction No. 5 to the decision of the jury as if the facts had been alleged in the answer and controverted by reply. In Hostetter v. Green, 150 Ky. 551, the opinion directed the circuit court, upon another trial, to give an instruction submitting the identical issue of fact that was submitted in this case by instruction No. 5, in substantially the same language employed therein.

It is apparent from what has been said that instruction No. 5 is not open to the objection made to it by appellant. Being convinced by our reading of the record that it discloses no error of such prejudicial character as would authorize the setting aside of the verdict, the judgment is affirmed.