## Johnson's Administrator v. Pigg.

(Decided March 1, 1932.)

H. C. CLAY and GEORGE G. BROCK for appellant.

C. R. LUKER for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The personal representative of W. D. Johnson has prosecuted an appeal from a judgment against the estate in favor of A. L. Pigg, who had acquired the rights of Dr. A. C. Foster. The basis of the judgment was an account for professional services rendered W. D. Johnson in his last illness. A reversal of the judgment is sought upon three grounds: (1) That the claim was not proven, as required by section 3870 of the Kentucky Statutes; (2) that incompetent evidence was admitted in support of the claim; and (3) that interest thereon was improperly allowed.

Section 3870 of the Kentucky Statutes provides: "All demands against the estate of a decedent shall be verified by the written affidavit of the claimant, or, in his absence from the state, by his agent, or, if dead, by his personal representative, stating that the demand is just, and has never to his knowledge or belief been paid, and that there is no offset or discount against the same, or any usury therein; and if the demand be other than an obligation signed by the decedent or a judgment, it shall also be verified by a person other than the claimant, who shall state in his affidavit that he believes the claim to be just and correct, and give the reasons why he so believes."

A suit to settle the estate was pending. A. L. Pigg filed a separate answer and cross-petition therein on the 6th day of May, 1929. He averred that he had acquired the claim of Dr. A. C. Foster for the sum of $790, which was for medical services rendered to W. D. Johnson, deceased; that the prices charged for the services were reasonable; that an itemized statement had been presented to the administrator shortly after the death of W. D. Johnson; that there was no offset or discount against the claim or any usury therein, and that the claim was just, due, and wholly unpaid. It was alleged that the claim had been transferred to Pigg on February 28, 1929. Nothing was said in the pleading in regard to the proof of the claim, but the pleading contained the

appropriate averments, and it was duly verified by the claimant. No rule to produce a proof of claim appears to have been requested (Hibler's Admx. v. Bourbon Agr. B. & T. Co., 225 Ky. 629, 9 S. W. (2d) 1008; Gray v. Graziani, 165 Ky. 771, 178 S. W. 1070; Stix v. Eversole's Admr., 106 Ky. 516, 50 S. W. 832, 21 Ky. Law Rep. 3), but a response to the pleading was filed by the administrator. He also filed exceptions to the allowance of the claim by the master commissioner, who had reported in favor of allowing the claim. It further appeared that a verified claim had been filed by Dr. Foster, but it had been lost or misplaced and a new proof of claim was substituted. It is not disputed that the amended proof of claim was duly verified in accordance with the statute, but it is said that the secondary affidavit was insufficient because it did not state the reasons the affiant had for believing the claim was just. Dewhurst v. Shepherd's Exr., 102 Ky. 239, 43 S. W. 253, 19 Ky. Law Rep. 1260. The purpose of the affidavit is to advise the administrator that the claim is just and proper, and it was hardly necessary to file it after issue had been joined by the parties on the merits of the claim. The burden was upon the claimant to prove his claim. But notwithstanding these facts another proof of claim was filed conforming literally to the requirement of the statutes. Thereafter the court heard evidence and rendered judgment, and there can be no doubt that the demands of the law were satisfied. E. L. Martin & Co. v. Davis' Admr., 226 Ky. 722, 11 S. W. (2d) 912; Wallace & Tierman Co. v. Davis, 227 Ky. 71, 11 S. W. (2d) 990.

It is next insisted that incompetent evidence was considered by the court. Dr. A. C. Foster was called as a witness and permitted to testify, but the court thereafter excluded his testimony and refused to consider it, in so far as it related to transactions with the deceased. The widow of the deceased testified in favor of the doctor, and her testimony tended to sustain the claim. It is now insisted that she was incompetent to testify. The point is clearly lacking in merit. She was not testifying for herself as to any transaction with her husband, nor was she testifying for or against her husband. She was testifying against the administrator of her husband's estate as to facts which came to her knowledge independently and not because of the marriage relation. Her testimony was competent to support the claim of the doctor. Cf. Ross v. Ross' Admr., 232 Ky. 583, 24 S. W. (2d) 287.

The case of Allcock v. Allcock, 174 Ky. 665, 192 S. W. 853, relied upon by the appellant, is not in point. That was an action by a wife against her mother-in-law to recover damages for the alienation of the affections of her husband. It was held that the wife could not testify as to certain acts and declarations of her husband. She was trying to testify for herself as to communications with her husband while the marriage relation existed, and as to acts done by him, a type of testimony expressly prohibited by the Civil Code of Practice (section 606, subsec. 1).

The only other evidence complained of is the doctor's account book which was introduced in evidence. The book was not brought up with the record, but we gather from the testimony that it was a permanent record of the doctor's accounts kept by a banker for the doctor. The banker obtained the information from the physician who made temporary memoranda for the purpose. It is argued that this was not the book of original entry; that it was not kept by the claimant; that the bookkeeper had no knowledge of the services rendered or of the charges entered in the book; and that the book of original entry was not produced. Considerable discussion as to what constitutes books of original entry within the meaning of the rule that such books are competent evidence may be found in the reports and textbooks.

In the case of Givins v. Pierson's Admx., 167 Ky. 574, 181 S. W. 324, Ann. Cas. 1917C, 956, extensive consideration was given to the subject, and under the principles of that case, and upon the authorities therein reviewed, the book introduced in this case was clearly competent as a permanent record of the account upon which the suit was based. See, also, West Kentucky Coal Co. v. Nall, 234 Ky. 249, 27 S. W. (2d) 965, and Gus Dattilo Fruit Co. v. Louisville & N. R. Co., 238 Ky. 322, 37 S. W. (2d) 856. In the present case the provisions of subsection 6, of section 606, of the Civil Code of Practice, were fully complied with by the claimant.

Dr. Foster testified to the correctness of the information given to the bookkeeper, and the bookkeeper verified the accuracy of the books. Wigmore's Evidence, sec. 1530. The book itself was produced and exhaustively examined by counsel, and it was made subject to the order of the court. A searching cross-examination was conducted concerning it. The fact that some of the original

memoranda made by the doctor may not have been destroyed, and was not produced, did not militate against the evidence that was introduced, since the appellant did not pursue the effort to obtain the production of such memoranda, if, in fact, it could be made available. Neither the doctor nor the claimant declined to produce it. It was in another county, if in existence, and the subject was dropped by common consent.

The argument that the claim was unjust and unproven presupposed the exclusion of the evidence upon which it was established, and absolute acceptance of the evidence on behalf of the administrator. But upon the evidence admitted, and which we have held was properly admissible, the judgment of the court was abundantly sustained.

It is urged that the court erred in allowing interest on the claim. The judgment allowed interest from May 6, 1929, which was the date the claim was asserted in a pleading. The argument is that no interest accruing after the death and the appointment of the administrator should be allowed or paid or any claim against a decedent's estate, unless the claim was verified and authenticated, as required by law and demanded of the executor or administrator within one year after the appointment. Section 3884, Ky. Stats. It is true that the statute so provides, and interest is denied if the statute is disregarded. Teass v. Wells' Exr., 240 Ky. 466, 42 S. W. (2d) 698. But the present case does not come within the conditions of the statute so as to exclude the allowance of interest. The claim was proven and presented within a year after the appointment of the administrator. The fact that the proof was defective, and was the subject of subsequent amendment, did not impair its character as conforming to the conditions prescribed by section 3883 of the Statutes. Moreover, a suit to settle the estate was filed within the year and was pending. This particular claim was asserted in a pleading in that case, and within a year after the death of the debtor. Hence, there is no merit in the point that interest should be disallowed. Richardson's Admr., v. Banta, 23 S. W. 350, 15 Ky. Law Rep. 348; Jones v. Louisville Sav., Loan & Building Co., 58 S. W. 534, 22 Ky. Law Rep. 570.

The judgment is affirmed.