## Todd v. Barbee.

(Decided Dec. 14, 1937.)

382

DAVID R. CASTLEMAN and DAVID R. CASTLEMAN, JR. for appellant.

TILFORD & WETHERBY for appellee.

OPINION OF THE COURT BY JUDGE BAIRD—Reversing.

Laura C. D. Todd by an ordinary action instituted in the Jefferson circuit court sought to recover of W. Alex Barbee the sum of $1,250 with interest from the date of the filing of the action, based upon a written rental contract. A trial was had before a jury, resulting in a verdict in favor of the defendant, Barbee. A judgment was rendered upon that verdict dismissing the action. She appeals.

The issues presented to the jury were in effect grounded upon the plea of payment. The evidence presented to the jury was by the parties themselves, except one other witness for appellee, whose testimony was not relevant to the issue of payment.

At the conclusion of the testimony counsel for Mrs. Todd entered a motion for a peremptory instruction, which was overruled. He excepted and claimed that the ruling was an error. To intelligently consider that

alleged error, it is necessary to detail in substance the facts: Laura C. D. Todd is the mother-in-law of the defendant, W. Alex Barbee. He, together with his wife, Helen B. Barbee, executed to Mrs. Todd the following contract:

"March 4, 1930, Alex and I agree to pay you (Laura C. D. Todd), $50 per month as owner of 216 Pennsylvania Avenue, until you transfer the property to us as is your understood intention.

"Helen B. Barbee
"W. A. Barbee"

It is a simple agreement on the part of Barbee and his wife to pay Mrs. Todd $50 per month rental for her property while they occupied it. Under the contract, Barbee and his wife took possession of the property and occupied it until February 1, 1933. They paid the rental of $50 per month promptly and without controversy until January 1, 1931. From that date, until February 1, 1933, Mrs. Todd contends that she has been paid nothing, and that there is a balance due her of $1,250, or the rental for 25 months at $50 per month.

On the trial Barbee admitted that he had not paid any part of the $1,250 directly himself, but contended that from a compensation or pension check received by him from the government each month of $50, he paid Mrs. Todd by turning the check over to his wife under an agreement with Mrs. Todd that a payment to his wife would be satisfactory to her. This alleged agreement Mrs. Todd denies. It is insisted that as the contract required the rental to be paid directly to Mrs. Todd, a payment to Barbee's wife would not be a payment to her. Further, that it was incumbent upon Barbee to establish by competent evidence an agency relationship between his wife and Mrs. Todd. Barbee undertook to accomplish that by testifying that Mrs. Todd told him to pay the money or give the check to his wife and she would see that she got it. Mrs. Todd denied that agreement. She further denied that she ever at any time authorized her daughter to act as her agent in collecting the rental from Barbee or any part of it. We find no evidence that any third person saw him pay the money to his wife or heard him direct his wife to pay it to her mother. The only evidence is to the effect that Barbee, himself, states that he paid the money to his wife, and by reason of that fact, and that Mrs. Todd

agreed to such arrangement, which she denies, the rental was in that way paid. He does not state that his wife ever paid it to Mrs. Todd at any time. Mrs. Todd denies receiving it. So the question arises, if, in fact, Barbee's wife received the $50 under such an arrangement and failed to pay it to Mrs. Todd, would that satisfy Barbee's obligation under his written contract; and would it not necessarily follow that if she paid it to Mrs. Todd, it would be under and by the direction of her husband, which would be a communication between husband and wife during the existence of the marriage relation? Such evidence on the part of Barbee would be incompetent under section 606, Civil Code of Practice. Subsection 1 of that section in part reads as follows:

"Neither a husband nor his wife shall testify while the marriage exists or afterwards concerning any communication between them during marriage. Nor shall either of them testify against the other."

By that section, supra, the husband cannot testify concerning any communication that he may have had with his wife during their marriage. The marital relation at that time is conceded. Counsel for appellee insists that no communication in words was had with the wife by appellee; and that "communication," as used in that section of the Code, does not include acts of the wife or husband under the facts here; for that reason, that section would not apply.

In the case of Commonwealth v. Sapp, 90 Ky. 580, 14 S. W. 834, 835, 12 Ky. Law Rep. 484, 29 Am. St. Rep. 405, we said:

"The word 'communication,' therefore, as used in our statute, should be given a liberal construction. It should not be confined to a mere statement by the husband to the wife or vice versa, but should be construed to embrace all knowledge upon the part of the one or the other obtained by reason of the marriage relation, and which, but for the confidence growing out of it, would not have been known to the party."

Again, in the case of Allcock v. Allcock, 174 Ky. 665, 192 S. W. 853, in discussing the meaning of the word "communication," as contained in that section of the Code, we approved what was said in the Sapp Case, supra. The same meaning was again approved in

the case of Johnson's Adm'r v. Pigg, 242 Ky. 631, 47 S. W. (2d) 63. That ruling has been assiduously followed. Therefore, it follows that the evidence of Barbee was incompetent; at least, wherein he stated that he turned the $50 over to his wife in payment of the rent to Mrs. Todd. While no communication was had between Barbee and his wife, in words, yet the act of paying the money to her in satisfaction of the rent, or to be paid by her to Mrs. Todd, was a communication under the subsection of the Code, and, of course, rendered the evidence incompetent.

It must be conceded that if Mrs. Todd received pay for the rent under consideration during the time she was compelled to receive it from Barbee's wife, under the contract, which is the basis of the action, the rent was authorized to be paid only to Mrs. Todd. She claims no one paid her any part of it. The payment of the rent by Barbee to his wife would not be a payment to Mrs. Todd. There is no evidence adduced that Mrs. Todd ever received a cent from the wife or from Barbee, himself. Barbee could not constitute his wife his agent and pay it to her, and in that way satisfy his indebtedness; nor could he constitute his wife the agent of Mrs. Todd to receive the rent for her. Mrs. Todd denies the agency direct. However, had she admitted the agency, then it would have been necessary for Barbee to have shown by competent evidence that he paid the rent to his wife as her agent, and that such a payment satisfied his obligation under the contract. No evidence of that character was offered. The question of agency hangs entirely upon the evidence of Barbee. It would be impossible to make the wife his agent or a go-between without communicating with her; at this time the marital relation existed. It is, however, in evidence that when Barbee testified that relation no longer existed, but it did exist up to February 1, 1933. If Barbee paid the rent to his wife, necessarily it would have been with an understanding that she was to pay it to Mrs. Todd; that act, itself, to his wife would be a "communication," as defined in the Sapp Case and the other cases, supra. Therefore, such an arrangement would have been incompetent and no testimony would have been left for the jury to base a verdict that Mrs. Todd received the rent. Consequently, an instruction directing the jury to find for Mrs. Todd would have been proper. Any other instruction was error.

It is insisted, however, that counsel for Mrs. Todd waived any objection to the evidence of Barbee as to any communication that he may have had with his wife, because no objections were made at the time the testimony was given. In this we do not agree.

It is shown in the record that after the evidence was given, and before the case was submitted to the jury, counsel entered the following motion:

"I move to strike out all of the witness' testimony with respect to the payments of money or transactions with his wife."

Thereupon, the court withheld his ruling upon that motion until the close of all the evidence, and at the conclusion of the evidence, overruled the motion to exclude the evidence of appellee concerning his wife. From that ruling, counsel excepted. We think the record answers that point, that the competency of Barbee was waived.

Counsel relies on Hembree v. Com., 210 Ky. 333, 275 S. W. 812; Traughber v. Com., 198 Ky. 596, 249 S. W. 770; Dukes v. Com., 196 Ky. 60, 244 S. W. 74; Waters v. Com., 221 Ky. 433, 298 S. W. 1078; Le Moyne et al. v. Meadors, 156 Ky. 832, 162 S. W. 526, as authority for the contention of waiver. Those cases are not applicable or decisive of that point under the facts of this case. The evidence of Barbee in part was competent. The only way to bring the matter clearly before the court was by entering a motion to exclude from the jury's consideration that part of the evidence of Barbee touching his communication either by word or act with his wife. No authority is necessary upon that point.

In viewing the whole case the court has reached the conclusion that the evidence of Barbee complained of was incompetent under subsection 1, section 606, of the Civil Code of Practice. It follows there being no competent evidence produced by Barbee to establish his plea of payment of the rent sued for by Mrs. Todd, the instruction asked for should have been given at the conclusion of the testimony.

Wherefore, the judgment is reversed, with directions for further proceedings consistent herewith.