CHIEF JUSTICE LINDSAY
delivered the opinion of the court.
This is an action on a bill of exchange placed by law upon the footing of a foreign bill.
The appellants, who are indorsers, pleaded “ that they have no knowledge or information sufficient to form a belief that the bill of exchange for $678.42 sued on herein was at its maturity duly presented for payment at the place where the same was made payable, and payment thereof demanded; that they have no knowledge or information sufficient to form a belief that the payment of said bill was refused, or that it was duly protested for non-payment, or that due and legal notice of said non-payment and protest was given to the parties to said bill, and they deny the said allegations.”
This must be regarded in the light of a sham plea. A defendant when sued is legally bound, at the least, to read the petition of his adversary before preparing and filing his answer. If appellants did read the petition in this case they found, attached to the bill sued on, the protest of the notary, duly signed and sealed, informing all the world, and especially all the parties to the bill, that he presented it and demanded payment at the time and place fixed and determined by its terms; that payment was refused, and that he thereupon solemnly protested the drawers, indorsers, and all others concerned.
This protest being an official document, duly signed and sealed by a public officer, conveys to every one who reads it *336 official information as to the subjects úpon which the notary has the legal right through it to speak.
And no man who has read it can be allowed to come into a court and obstruct the administration of the law by stating that the information imparted by the protest is not sufficient to enable him to form a belief.
As to whether the appellants received notice of the nonpayment and protest of the bill, the answer is certainly insufficient. They necessarily do know whether or not they received notice.- If they doubt whether or not the notice was due and legal they must show affirmatively wherein it was defective.
A plaintiff under the provision of section 149 Civil Code of Practice may aver in general terms the performance of conditions precedent; but the answer must be specific if the defendant wishes to deny all or any one of the general averments. (7 Bush, 474; Huffaker, &c. v. National Bank of Monticello, 12 Bush, 287.)
This court does not claim the right, and has never attempted to exercise the power, of refusing to allow a defendant to rely upon a want of belief where he has not sufficient knowledge or information upon the subject of the controversy to enable a person of ordinary intelligence to form a belief. But when the record, as made up at the time of the preparation of his plea, furnishes the necessary information, or when the fact is necessarily within his personal knowledge, we have declined to allow an abuse of the provisions of section 125 of the Civil Code by holding that such pleas are shams, and that judgment may be rendered as if no answer had been filed; and in this we are supported by the practice at the common law, as well as the uniform practice of the courts of this state. (Bacon’s Abridgment, “Pleas and Pleading,” G. 4; 1 Chitty’s Pleading, page 541; 8 Bush, 583; Douglas v. Cline, and Huffaker v. National Bank.)
*337 We have reviewed the question raised at some length because of the zeal and earnestness exhibited by appellants’ counsel, and not on account of any doubt as to the propriety of the former rulings of the court.
We are clearly of the opinion that the answer presented no defense to the action. The judgment of the court is therefore affirmed.
This opinion applies to appeals Nos. 128, 129, and 131, as well as to appeal No. 130, specially considered. The judgment in each of said cases is affirmed.