## WALKER, ET AL. *v.* SMITH, ET AL.

[Kentucky Law Reporter, Vol. 6—457, 671.]

**Jurisdiction of Court of Equity.**

A court of equity will not entertain jurisdiction to set aside a conveyance alleged to be fraudulent and subject the land to the satisfaction of a legal demand unless there is an allegation of judgment at law, an execution and a return of nulla bona or by attachment under some of the grounds stated in the code, but where the question of want of jurisdiction is not raised until the cause reaches this court, it is too late to do so.

**Evidence.**

Where a witness does not state a fact prejudicial to the party calling him, but simply fails to prove facts supposed to be beneficial, he cannot be contradicted by bringing other witnesses to swear that he had made statements out of court denied by him in court.

**Existence of Fraud Not Inferred.**

The existence of fraud charged in making a conveyance of real estate is not to be lightly inferred, but must be proven.

### APPEAL FROM HENDERSON CIRCUIT COURT.

January 20, 1885.

OPINION BY JUDGE HINES:

In 1870 Hicks made a deed to Norment for a tract of land and certain personal property for the recited consideration of $8,000. Subsequent to the conveyance appellees obtained a judgment against Hicks, had execution issued, levied on this land and had it sold under the levy, appellees being the purchasers. Appellees, having no deed from the ·sheriff, brought suit against Hicks and Norment (Hicks being in possession as the tenant of Norment) to recover possession of the land, to have their title quieted, and the deed from Hicks to Norment cancelled, alleging that the conveyance was void because without consideration, and that it was made to cheat, hinder and delay the creditors of Hicks.

The court below adjudged that appellees were the owners of the land by·their execution purchase, and directed the deed from Hicks to Norment cancelled.

The case is anomalous in that it presents no ground of equitable

jurisdiction. It is well established in this state that a Court of Equity will not entertain jurisdiction to set aside a conveyance alleged to be fraudulent and subject the land to the satisfaction of a legal demand unless there is an allegation of judgment at law, an execution and return of nulla bona, or by attachment under some of the grounds stated in the Code. It is also well understood that in order to give jurisdiction to a Court of Equity to quiet title the complainant must allege in himself both possession and legal title. Notwithstanding this the case proceeded, without objection by demurrer or otherwise to the jurisdiction, to a final termination. Under this state of fact, as we have held in the case of *Barton v. Barton,* 80 Kentucky 213, 3 Kentucky Law Reporter 746, it is now too late to raise the question of jurisdiction. In that case this court said: "This is unlike a case where the court has no jurisdiction of the subject-matter, for in such case no consent can give jurisdiction; but here the court had jurisdiction to adjudge whether a conveyance or transfer of property was fraudulent, provided certain steps had been taken, and a failure to raise the question as to whether such steps had been taken is akin to submission of the person to the jurisdiction, where there has been no service of process, which may, in all cases, be done when the subject matter may otherwise be inquired of by the court."

Appellant's objection to the reading of the certified copies of the judgment, execution and return, which, although not filed with the original petition, were filed before the pleadings were completed, is not well taken. In such case a denial of sufficient knowledge or information to form a belief will not present an issue. The attack must be made directly upon the certified record (*Huffaker, et al. v. National Bank of Monticello,* 12 Bush (Ky.) 292; *Gridley, et al. v. Farmers & Drovers Bank,* 12 Bush (Ky.) 336; *Barret, et al. v. Godshaw,* 12 Bush (Ky.) 598). It is prima facie evidence of the facts it is invoked to establish.

The objection of counsel to the introduction of certain other evidence is well taken. Appellees called Hicks, the vendor, as a witness, and, among other things, asked him if he had not stated to various persons, naming them, that the land trade between himself and Norment was a sham—if he did not say that the money which was pretended to have passed from Norment to himself in payment for the land was Confederate money. To all of these inquiries the

witness stated that he made no such representations and had no such conversations as inquired of. Appellees then introduced, over the objection of appellant, the several persons in reference to whom Hicks had been inquired of, and they severally stated that Hicks had stated to them, not in the presence of Norment, that the pretended trade was a sham. This evidence was clearly incompetent.

Before the adoption of the Code a party surprised by the testimony of his own witness was allowed to contradict him only by proving that the fact stated in evidence was different. Under the Code there is this additional method of conviction: When the witness testifies to a fact that is prejudicial to the party calling him, the party may prove by others that the witness had stated the fact to be otherwise. But where the witness does not state a fact prejudicial, but simply fails to prove facts supposed to be beneficial to the party, he can not be contradicted as attempted in this case. (*Champ v. Commonwealth*, 2 Metcalfe, 18; *Kennedy v. Commonwealth*, 14 Bush (Ky.) 340; *Loving v. Commonwealth*, 80 Kentucky 507, 4 Kentucky Law Reporter, 457).

It is also contended for appellant that Hicks was not a competent witness for any purpose, for that would be to allow him to question and invalidate his own conveyance. This was the rule before the adoption of our law of evidence removing disqualification on account of interest. Under the old rule the vendor could be called, in a proceeding to set aside a conveyance for fraud, to sustain the conveyance, but not to impeach it. That was on the supposition that the evidence for the vendee was against the interest of the witness. The vendor is now competent, but his interest, if any, may be shown to affect his credibility only.

In view of the testimony of the witnesses called to contradict or impeach, Hicks being excluded, we will inquire what evidence there is bearing upon the question of no consideration. Hicks testifies, being called by appellees, that Norment (who was dead at the trial) paid him $8,000 in current funds for the land and personal property as recited in the deed. Two other witnesses testify that they witnessed the execution of the deed in the country, and saw the money given by Norment to Hicks, the amount of which they did not know as it was not counted in their presence. One of the witnesses states that to an inquiry from him Hicks stated at the time that he did not care to count the money as he and Norment had counted it, and he

knew the amount.  One of these witnesses states that he was called to witness the payment of the money, and the other that he was called to witness the deed, but they both signed the deed as witnesses.  Another witness, the daughter of Norment, testifies that she passed through the hall at the time the deed was being executed and saw a large quantity of greenbacks on the table, and that in response to an inquiry from her Norment said he had bought Hicks' place.  Hicks also says that the reason he sold his farm and personal property was that he had lately lost his wife and had determined to go to Texas or California.  To establish that there was no consideration for the conveyance—it is shown that the conveyance covered all the property owned by Hicks—that he was shortly thereafter known to be insolvent; that Norment was only in moderate circumstances, owning some five hundred acres of land, considerable personal property, and but little cash on hand so far as could be shown by his bank accounts.  It is also shown that for several of the years since the conveyance to his brother-in-law Norment had remained upon the place, paying no rent except in the crops he raised.  Hicks says that he lost about $4,000 of the money paid to him in a farming venture in an adjoining county, but that he has expended the other $4,000 without knowing how.  The evidence shows that he has been for years dissipated and has expended large sums of money, probably $40,000, in that way within the last few years.

This is substantially all the evidence bearing upon the question of fraud and no consideration.  Is it sufficient to authorize a Court of Equity to find the transaction fraudulent?  We think not.  The existence of fraud is not to be lightly inferred, but must be proved.  We have four unimpeached witnesses testifying to the payment of the money and the good faith of the transaction, and opposing it are the circumstances mentioned.  With the incompetent testimony in the record the judgment of the court below would well be supported, but that evidence being eliminated there remains nothing but a suspicion of fraud on which to base a finding.

Judgment *reversed,* with directions to dismiss the petition.

*Wm. Lindsay, H. F. Turner, for appellants.*

*Vance & Merritt, for appellees.*