## Mt. Sterling Water, Light and Ice Company v. First National Bank of Wyalusing, Pennsylvania.

(Decided March 6, 1912.)

### Appeal from Montgomery Circuit Court.

1. Pleading.—The want of knowledge or information as to appellee's ownership of coupons sued on, made in appellant's answer, did not present an issue. Section 113, subsection 7, Civil Code, only allows denial upon want of knowledge or information when the facts attempted to be thus put in issue are not presumptively within the pleader's knowledge. As the coupons are payable to bearer, the holder's ownership of them was presumptively known to appellant by reason of its possession of them, and therefore, could not be put in issue by such a form of denial.

2. Coupons—Payable to Bearer—Pass by Delivery.—Coupons as well as the bonds from which they are detached, if payable to bearer at a fixed time and place, pass by mere delivery without endorsement of any kind; and it is not necessary that the holder of coupons in order to recover on them should own the bonds from which they are detached.

3. Appellee might have availed itself in conjunction with one third in interest of the holder's of bonds, of a clause in the mortgage given to secure the bonds and coupons, requiring the trustee named in the mortgage to foreclose it for their benefit. But this remedy is not exclusive, and did not prevent appellee as holder of coupons belonging to some of the bonds, from enforcing their payment by means of a personal judgment against the mortgagor.

PREWITT & SENFF for appellant.

CHARLES D. GRUBBS for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This action was instituted by appellee in the court below to recover of appellant a personal judgment upon fifteen interest coupons of $25 each, past due and aggregating $375.

The petition set up appellee's ownership of three

bonds of a series of 250 aggregating $250,000, issued by appellant in 1901, payable in 1921, and each containing coupons for semi-annual interest accrued and to accrue on the bonds during the time they were to run; and that the fifteen coupons sued on were parts of and had been detached from the three bonds in question. Also, that the 250 bonds were secured by a mortgage upon the ~al estate, franchise and other property of appellant, which mortgage was duly recorded in the office of the clerk of the Montgomery County Court, but enforcement of the mortgage lien was not asked.

Appellant filed an answer containing two paragraphs, in the first of which it admitted its execution of and liability upon the coupons sued on, but pleaded want of knowledge or information sufficient to form a belief as to appellee's ownership thereof. The second paragraph set up the mortgage given to secure the payment of the bonds and attached coupons, especially a clause thereof, which provides:

"If default be made in the payment of any money, principal or interest due on any of the bonds hereby secured and such default shall continue for ninety days after payment shall have been demanded in writing, it shall be the duty of and it is hereby made obligatory upon the trustee, upon requisition of one-third in interest of the holders of the bonds hereby secured and then outstanding, by an instrument or concurring instruments in writing, upon reasonable indemnity to proceed forthwith to enforce the rights of the trustee and of the bond holders under the mortgage by foreclosure, or by other appropriate proceeding in any other proper court or otherwise."

It was further pleaded that the remedy given the holders of the bonds and coupons by the above clause of the mortgage is exclusive of all others, and, therefore, appellee can not maintain an action to recover personal judgment for the amount of the matured and unpaid coupons held by it, but must wait until all the bonds mature, or proceed, in conjunction with other holders of the bonds, as allowed by the above provision of the mortgage.

The circuit court sustained a demurrer to each paragraph of the answer and appellant refusing to plead further, judgment was rendered in appellee's behalf for

the amount of the coupons sued on and costs of the action. From that judgment this appeal is prosecuted.

Manifestly, the want of knowledge or information sufficient to form a belief as to appellee's ownership of the coupons, pleaded in the first paragraph of the answer, did not present an issue. Section 113, sub-section 7, Civil Code, only allows denial upon want of knowledge or information sufficient to form a belief, when the facts thus attempted to be put in issue are not presumptively within the pleader's knowledge. But the holders' ownership of such coupons is presumptively known to all others by reason of his possession of them, and therefore can not be put in issue by such a form or denial. Johnson, &c. v. Asher, 32 R., 317; 105 S. W., 943; Lucas v. Lucas' Admr., 18 R., 660.

In other words the title to interest coupons payable to bearer at a fixed time and place, as were those sued on, passes by mere delivery without endorsement of any kind. Bonds are also classified as commercial paper and when payable to bearer pass by delivery. Each coupon is in itself a separate instrument containing a distinct and independent promise to pay the sum named, and bears even a closer analogy to a negotiable note or check, than does the bond. It is not necessary that the holder of coupons, in order to recover on them, should own the bonds from which they are detached. The coupons are prepared so that they can be separated from the bonds, like the bonds they are negotiable, and the owner of them can sue without the production of the bonds to which they were attached, and without owning or being interested in them. Thompson v. County of Lee, Sup. Ct. Rep. (Law ed.) 117; Richie v. Cralle, 108 Ky., 483; Hoskins v. Albany H. Ry. & P. Co., 76 N. Y., 667; Nat. Exchange Bank v. Hartford &c. R. R. Co., 91 Am. Rep., 237.

As appellee's ownership of the coupons was shown by its possesion and production of them, and such ownership was not controverted by a specific denial on the part of the appellant, no error was committed by the circuit court in the matter of sustaining the demurrer to the first paragraph of the answer.

We are also of the opinion that the demurrer to the second paragraph of the answer was properly sustained. The clause from the mortgage quoted therein interposes no barrier to the recovery of a personal judgment against appellant upon the coupons sued on, for it merely

requires the trustee under the mortgage upon the request in writing of one-third of the bond holders in interest to take steps, in the event of default on the part of the mortgagor in the payment of interest, continuing for as much as 90 days after demand of payment in writing, to proceed to a foreclosure of the mortgage. This provision compels action by the trustee in a certain state of case, but does not interfere with the right of a holder of any of the coupons to resort to any legal remedy that would be available to a holder of any other commercial instrument. The holder of a promissory note, secured by a mortgage, may without enforcing the mortgage sue and obtain a personal judgment against the obligor and by execution make the debt out of other property belonging to the latter not covered by the mortgage, or after failing to make the debt by execution, may by a subsequent action, enforce the mortage lien in satisfaction thereof.

The bonds secured by the mortgage are not due and will not mature until 1921, and the coupons held by appellee being mere obligations upon the part of appellant to pay the amounts therein named, respectively, to bearer independently of the bonds to which they were attached, and before the bonds become due, no just reason can be advanced for delaying appellee in their collection until the bonds mature.

Whether the coupons can be collected by execution, following a personal judgment, is a matter that does not concern us, but appellee alone. Neither from any averment of the petition, nor from the prayer thereof, does it appear that appellee desires, as claimed by appellant's counsel, the enforcement of the mortgage.

On the contrary it disclaims any such purpose by declaring that "it does not at this time seek to enforce the mortgage lien, but specifically reserves that right for future action."

Being of opinion that the record manifests no error in the rulings of the circuit court, the judgment is affirmed. Whole court, except Judge Winn, sitting.