## Williams v. Brush Creek Coal Company.

(Decided June 20, 1912.)

### Appeal from Knox Circuit Court.

1. Boundaries—Description—Relative Importance of Conflicting Elements.—Where a located corner, called for, is a natural object, both course and distance must yield, if necessary, to reach the corner.

2. Boundaries—Location of Corners—Evidence, Ascertainment and Location.—Where the first and second corners of a survey are agreed upon, the third and fourth being in dispute, the fourth called for as "a poplar in a low gap" refers to a poplar in the low gap in the ridge mentioned in the calls of the survey, and not to that in a depression in a spur leading off from the ridge. The fourth corner being established, the third is located at the intersection of the lines run from the second corner, according to the course called for, and along the reverse call from the fourth.

3. Boundaries—Establishment by Agreement.—To establish title to an agreed boundary line, the land must be owned by the parties to the agreement, and possession to the agreed line must be taken and held for such time as will support title by adverse possession.

4. Trespass—Actions—Right of Action.—In an action for trespass, plaintiff must show himself the owner of the land on which alleged trespasses were committed, or fail in his action.

J. MORGAN CHINN, JESSE D. TUGGLE for appellant.

BLACK, BLACK, GOLDEN & BLACK, McQUOWN & BECKHAM and BROWN & NUCKOLS for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

This litigation grows out of a controversy between T. E. Williams and the Brush Creek Coal Company, over the ownership of a small tract of land in Knox county, containing some nine or ten acres. Williams claims the land under a patent for 25 acres issued to John Lawson in 1883, based upon a survey of October 1, 1883. The Brush Creek Coal Company claims it under

a patent for 50 acres issued to John Goodin April 15, 1858, based upon a survey of May 20, 1854. The trial court decided that Williams, who was the plaintiff in the litigation, failed to show himself to be the owner of the land in dispute, and dismissed his petition. He appeals.

The patent, under which appellant claims, calls for a line of the Goodin patent, and the efforts of appellant were directed chiefly toward establishing the true location of this Goodin line called for by his patent. Four maps are filed in the case, but upon neither of them are the two surveys, under which these claims are asserted, drawn, and when they are examined separately we are unable to locate satisfactorily the one with reference to the other. The accompanying map gives the location of the Goodin survey, as claimed by appellee, and also as claimed by appellant.

The description of this survey is as follows:

"Lying and being in the county of Knox on the waters of Greasy creek and bounded as follows, to-wit:

"(1) Beginning at a beech and white oak on a line of Goodin's; thence N. 37 W. 110 poles to (2) a gum and white oak on the top of the Brushy Ridge; thence S. 76 W. 100 poles to (3) a stake; thence S. 85 poles to (4) a poplar in a low gap corner of said Goodin's; thence with said Goodin's line to the beginning."

The first and second corners are recognized by both parties, as being correctly located. The third, or stake corner, and the fourth, or low gap corner, are both in dispute. Appellee claims that the third, or stake, corner is at the letter "G" on the map, and the fourth, or low gap, corner, at the letter "E;" whereas, appellant claims that the stake corner is at the letter "C," and the low gap corner at the letter "D."

The figure of the original plat does not agree with that of the survey, as claimed by either appellant or appellee. At the time this survey was made and the patent issued to John Goodin, the evidence shows, this was all wild, uninclosed, mountain land. It is apparent from the testimony of the witnesses that the survey, upon which the Goodin patent was based, was not accurately made. Indeed, it is doubtful if the third or fourth lines of this survey were run out upon the ground at all, and the only aid that the original survey furnishes toward establishing the lost corners thereof is, that it calls for a poplar in a low gap. The second call is for a gum and white oak on top of Brushy ridge. The evidence shows that this

ridge, which is also known as "Brush Creek" ridge and "Brushy Mountain," and "The ridge between Brush creek and Greasy creek," is the highest ridge or range in that vicinity, and it is insisted that when the second call is for a point on top of Brushy ridge, and the fourth call, for low gap, that the low gap is in Brushy ridge. It is caimed that this low gap referred to is the only gap in Brushy ridge, and that the evidence is found in a deed made in 1876 by John Goodin, by which he conveyed to J. M. Bayes, and others, a portion of this land. In this deed he described the land as follows: Beginning at the white oak and black gum standing on the top of the ridge; thence S. 76 W. 100 poles to a stake; thence S. with the same line to the top of the ridge; thence with the top of said ridge to the beginning. The first corner of this deed corresponds to the second corner of the Goodin patent, and the second and third call in the deed corresponds with the third and fourth corners of the patent, and it is argued that inasmuch as John Goodin, the original patentee, refers in his deed made in 1876 to the same calls to which reference is made in the patent, and in speaking of this ridge in the third call of the deed, refers to it as "said ridge" that he could not have meant any other than Brushy ridge; and hence, the low gap referred to in the patent, must be found in Brushy ridge, and not in some spur in the ridge leading off from Brushy ridge. This contention, if adopted, would locate the fourth corner of the Goodin patent as claimed by appellee, in Ollie gap, which is the only low gap in Brushy ridge at any point near this land.

Again, it is shown by appellee that a large poplar tree, at one time, stood in Ollie gap, and at the time the evidence was taken in this case, the roots of a poplar tree were found still preserved in the ground at that point; whereas, the point claimed by appellant as the fourth corner of the Goodin survey is not in a low gap at all, but some distance from a depression in the spur leading from Brushy ridge, and there is no poplar tree standing in the low gap, claimed by appellant as the corner, though there is a small one near it. Appellee also introduced evidence showing that, years ago, a poplar standing in Ollie gap was recognized as one of the corners of the Goodin patent. If the courses and distances, called for in the Goodin survey, be followed the third and fourth corners are not located at the points where appellee claims they are; but, since the third corner is lost and

there is a dispute as to the fourth corner, the courses and distances lend but little aid in determining the location of these lost corners. It is a well recognized rule, that where a corner called for is a natural object, and this can be located, both course and distance must yield, where necessary, in order to reach this corner. In the Goodin patent, the fourth call is for a poplar in a low gap. The low gap referred to must have been a depression in the mountain ridge, and as the patent calls for Brushy ridge, and the evidence shows that this was the highest ridge in that locality, we conclude that the low gap spoken of is a low gap in Brushy ridge; and this conclusion is strengthened by the further fact that in the deed made some years thereafter, Goodin, the patentee, refers to the ridge, in which the low gap is situated, in such a manner as to show unmistakably that it was in Brushy ridge, and this record evidence is supplemented by that of the witness, who testifies that years ago there stood in this gap, at the point now claimed by appellee as the fourth corner, a poplar tree which was recognized as the Goodin corner. While his testimony is assailed, the fact remains that the roots of a poplar tree were discovered in the ground at the point, where this witness says the tree formerly stood. We conclude that this evidence justifies the finding that the fourth corner of the Goodin survey was properly located in Ollie gap; and, this being true, the third corner is found by reversing the call from the fourth corner and running the course until the line so run, intersects a line run from the second corner on the course called for in the patent, and the point of intersection is the third corner of said survey. This establishes the third corner at the point claimed by appellee. The fourth corner being located, the division line between the lands owned by appellee and that claimed by appellant, is as claimed by appellee; and hence, the contention of appellant must fail, for it is conceded by his counsel that unless the division line between them is as claimed by appellant, he has no cause of action.

Appellant introduced a lot of evidence to the effect that some years before, when there was a dispute between the owners of these respective patents, a division line was agreed upon between them and establishd, so as to make the dividing line between the Goodin patent and the Lawson patent as claimed by appellant. The establishment of this agreed boundary line is not satis-

factorily shown, and it is not shown that, at the time it is alleged to have been established, those who participated in it ever took possession of the land to the line alleged to have been thus established. On the contrary, there is much evidence to the effect that it was never claimed by the one nor recognized by the other. This contention of appellant must, therefore, fail, for the twofold reason: First, the record does not show that the parties alleged to have made this division line were the owners of the land affected by it; and second, there is no showing that it was ever recognized by one party or taken possession of by the other to the line held by the other party. In order to establish title to an agreed line, possession must have been taken and held under it for such length of time as will support a title by adverse holding. The record in the case at bar fails to show that any possession was ever, at any time, taken by either party to the line alleged to have been established.

Appellant's right to recover, if at all, must rest upon his own title. It was incumbent upon him to show that he was the owner of the lands upon which, he alleged the trespass was committed; otherwise, he had no standing in court. The weight of the evidence is to the effect that the land claimed by him under the Lawson patent lies wholly within the Curtis Lee patent, which was an older patent than the Lawson patent, and if this is true, appellant had no title whatever to the land in question. But, be that as it may, the evidence before us is not sufficient to justify the holding that, any of the trespasses complained of, were committed by appellee outside of the John Goodin patent. This being so, we see no reason for disturbing the finding of the chancellor.

Judgment affirmed.