### Edge, et al. v. Central Construction Company.

(Decided May 19, 1922.)

### Appeal from Fayette Circuit Court.

1. Pleading—Facts Presumably Within Knowledge.—A pleader is not permitted under section 113, subsection 7 of the Civil Code to deny knowledge or information sufficient to form a belief as to alleged facts, presumptively within his knowledge.

2. Pleading—Denial of Knowledge or Information.—A denial of knowledge or information sufficient to form a belief as to whether or not a designated street is a public street in a city, or whether or not resolutions and ordinances directing its improvement were adopted by the city or published or recorded, or whether or not the sidewalk in front of the property of the pleader complied with the specifications in the resolutions and ordinances directing the improvement of the street, is not a good denial, since all of those facts are within the presumptive knowledge of the pleader.

3. Pleading—Presumption of Knowledge.—Whatever it is the duty of a party to know will be presumed to be within his knowledge, and a denial of knowledge or information sufficient to form a belief is not sufficient as to facts presumptively within his knowledge. He must deny or admit them under oath, otherwise his plea will be treated as a sham and of no effect.

J. A. EDGE for appellants.

GEORGE B. KINKEAD for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

The city of Lexington, by authorized resolutions and ordinances, duly and regularly passed and approved, directed the construction of a concrete sidewalk on both sides of North Upper street in that city. Bids for the construction of the sidewalk were received, and appellee, Central Construction Company, making the lowest and best bid, was awarded the contract. Appellants, J. A. Edge and Annie N. Edge, his wife, owned abutting property on North Upper street, and the cost of constructing the sidewalk in front of their property amounted to $18.72. They refused to pay the cost of the construction and appellee filed this action in the Fayette circuit court seeking a subjection of the benefited property to the costs thus incurred. With the petition there were filed copies of the ordinances and resolutions, directing the work to be done, accepting it after it was completed, and levying a tax on the abutting property of appellants to cover the cost of construction.

Appellants filed answer to which a demurrer was sustained, and, declining to plead further, judgment was rendered against them in accordance with the prayer of the petition. Complaining of that judgment they appeal. The only question presented is whether or not the answer states a defense to the petition.

In the answer appellants stated that they did not possess sufficient knowledge or information to form a belief as to whether or not North Upper Street was, at the time that it was directed to be improved, one of the public streets of the city of Lexington, or whether or not the resolution directing its improvement was adopted by the commissioners of the city of Lexington, or published or recorded, or whether or not there was in front of appellants' property, described in the petition, a sidewalk of the character prescribed by the specifications in the resolution and ordinance directing the improvement of the street; and they, therefore, denied the allegations of the petition in that respect and also denied that the tax constituted a lien against their property, or that the same became due on the date alleged in the petition, or that appellee was entitled to a penalty for their failure to pay the same. They also said that they were informed, and believed the information to be true, that North Upper street had never been acquired by the city of Lexington; that from curb to curb it had not at any time been

used by the public; that the sidewalk constructed was located on the private property of abutting owners; and that the sidewalk in front of their property was within the boundary of their property line.

Under section 113, subsection 7 of the Civil Code, a denial of sufficient knowledge or information to form a belief concerning alleged facts is permissible, if those facts are not presumptively within the knowledge of the traverser. But it has often been held by this court that such a denial is not good if the allegations attempted to be denied are presumptively within the knowledge of the pleader. (Trustee, Kentucky Orphans' Asylum v. Fleming, 10 Bush 234; Gridler, etc. v. Farmers' and Drovers' Bank, 12 Bush 333; Barrett, etc. v. Godshaw, 12 Bush 592; Augustus v. Holt, 13 Ky. L. R. 8; McClure v. Bigstaff, 18 Ky. L. Rep. 601; Lucas v. Lucas' Admr., 18 Ky. L. Rep. 661; Mt. Sterling, etc. Co. v. First Nat'l Bank, etc., 147 Ky. 376.)

A discussion of the facts in the cases cited is unnecessary. It is sufficient to say that the principle announced in them is applicable to the case at bar. The answer must be considered in its entirety in determining whether it contains a good denial of the allegations of the petition. It will be observed that in the first part of it appellants deny knowledge or information sufficient to form a belief as to whether North Upper street, at the time it was ordered to be improved, was one of the public streets of the city, or whether the resolutions and ordinances, copies of which were filed with the petition, were adopted or published or recorded, or whether there was in front of their property a sidewalk of the prescribed specifications. All of these questions of fact are presumptively within the knowledge of appellants. The other denials in the answer are coupled with and based upon declared lack of information as to facts presumptively within their knowledge. They, in substance, say that they have not sufficient knowledge or information to form a belief as to certain facts they are presumed to know, and, therefore, they deny the allegations relative to those facts, and also deny other allegations depending upon the existence of those facts. Manifestly, such denials are ineffective.

The denial of knowledge or information sufficient to form a belief as to whether or not North Upper street was a public street of the city of Lexington amounts to

nothing, because appellants must have known whether it was or was not a public street of the city. The public records of the city were open to their inspection and from them they could have ascertained the facts concerning that street. Although they owned property on the street, and copies of the specifications of improvement were filed with the petition, they denied sufficient knowledge or information to form a belief as to whether the sidewalk in front of their property complied with the prescribed specifications. It is to be conclusively presumed that they knew whether it did or did not comply with those specifications. The same is true with reference to the denial of sufficient knowledge or information to form a belief as to the adoption of the resolutions and ordinances directing the construction of the street. Copies of those resolutions and ordinances were filed with the petition, and they are matters of public record within the presumptive knowledge of appellants.

In Gridler v. Farmers' and Drovers' Bank, *supra,* this court said:

"This court does not claim the right, and has never attempted to exercise the power, of refusing to allow a defendant to rely upon a want of belief where he has not sufficient knowledge or information upon the subject of the controversy to enable a person of ordinary intelligence to form a belief. But when the record, as made up at the time of the preparation of his plea, furnishes the necessary information, or when the fact is necessarily within his personal knowledge, we have declined to allow an abuse of the provisions of section 125 of the Civil Code by holding that such pleas are shams and that judgment may be rendered as if no answer had been filed, etc."

This excerpt is supported by cited authorities, which hold that the ruling is authorized at the common law as well as by the uniform practice of this court. In Barrett, etc. v. Godshaw, *supra,* wherein a recovery for the contract price for grading and paving a street in the city of Louisville was involved, and where the appellants in their answer denied knowledge or information sufficient to form a belief as to part of the facts alleged and as to others made their denials mere conclusions of law, the court treated their answer as a sham, and, in discussing the attempted denial of the validity of certain ordinances, said:

. "We must presume that these appellants did know whether the alleged ordinances had been passed and approved and whether the alleged proceedings of the general council of the city of Louisville were had as stated in the petition, even though, as contended by the appel-, lants' counsel, the alleged copies were not legally authenticated and were on that account not sufficient to enable the pleader to form a belief as to whether such proceedings as were alleged were had or not."

Wing v. Dugan, 8 Bush 583, and Gridler v. Farmers' and Drovers' Bank, 12 Bush 333, just referred to, were cited as sustaining the pronouncement that a party will not be permitted to say that he has not sufficient knowledge or information to form a belief as to material facts presumably within his knowledge or as to official documents or authenticated copies thereof filed with a pleading. It was also held in that case that citizens are required to take notice of the proceedings and ordinances of the general council of a city.

Under these authorities it is clear that the denials in the first part of appellants' answer are insufficient. They are equally insufficient in that part of the answer which avers that appellants are informed, and believe their information to be true, that North Upper street was never acquired by the city of Lexington and that from curb to curb it had never been used by the public, and the sidewalk constructed in front of appellants' property was constructed within the boundary of their line. All of these alleged facts were presumably within the knowledge of appellants. They were the owners of property on North Upper street, and they must have known whether or not the street was used by the public or as constructed in front of their property whether it was within their boundary.

Justice requires that a straightforward denial or confession be made, and a litigant is not permitted to file a sham pleading with the view of putting the other party on proof or prolonging the litigation by making it troublesome for his adversary to establish his claim. Whatever it is the duty of one to know will be presumed to be within his knowledge and he cannot evade the presumption by alleging that he is informed and believes differently. He must either deny or admit under oath the allegations of fact presumed to be within his knowledge, otherwise his plea will be treated as a sham and of no effect.

Tested by this just rule the answer stated no defense whatever. We, therefore, hold that the demurrer was properly sustained and the trial court was justified in treating the answer as a sham and entering judgment in accordance with the prayer of the petition.

The judgment is affirmed.