## Edge v. Central Construction Company.

(Decided January 19, 1923.)

### Appeal from Fayette Circuit Court.

Appeal and Error—Order Directing Master to Sell Property.—No appeal lies from an order of the circuit court entered at the time of the filing of the mandate of this court, which order merely directs the master commissioner in carrying out a sale of real property theretofore entered in the case, to require of the purchaser a deposit of fifty dollars, and directing that if said deposit be not made that the commissioner proceed at once to carry out a resale of the property.

J. A. EDGE for appellant.

GEORGE B. KINKEAD for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Dismissing appeal.

This appeal is from an order entered by the Fayette circuit court upon the filing of a mandate of this court, affirming the judgment of that court in this case on an appeal from a judgment enforcing an improvement lien against real property situated in the city of Lexington and directing a sale of said property to satisfy the lien. See Edge v. Central Construction Co., 195 Ky. 646. The order from which this appeal is prosecuted reads:

"Plaintiff produced to the court the mandate of the Court of Appeals in the above styled action, which is now ordered filed and noted.

"The master commissioner, R. J. Colbert, is now ordered to execute the judgment of this court which was entered in the above styled case on the 16th of March, 1918.

"In making a sale of the property mentioned in the petition, he will require of the purchaser a cash deposit of $50.00; and if the same is not made he will at once resell the property and will report his action to this court."

It is this last provision requiring the purchaser to make a cash deposit of $50.00 of which this appeal complains. Appellant Edge insists that this part of the order is a modification of the original judgment which was affirmed by this court. He is in error in this insistence. The judgment from which the first appeal was prosecuted directed a sale but did not contain any order di-

recting the master commissioner to require of the purchaser a deposit. The order made at the time of the filing of the mandate directed the master commissioner to execute the judgment theretofore entered in the case and in doing so to require of the purchaser a deposit of $50.00. The judgment is not altered or modified, the complained of order being merely in aid of the judgment. The Fayette circuit court is one of continuous session, and under section 1002 of our statutes relating to such courts it is provided: "The court may by rules require purchasers at judicial sales to deposit with the officers making the sale, at the time of the sale, a specific sum of money, sufficient to cover the expenses of the resale; and if such deposit be not made at the time, the officer shall at once resell the property." The order of which complaint is now made is in terms almost identical with that statute conferring upon the court the right to make such order. The original judgment was not affected in any way whatever by the entry of this order. This appeal, therefore, appears to be a dilatory one, intended to delay the sale of the property. For that reason it is dismissed.

Appeal dismissed.