## Coal Run Mining Company v. Interstate Coal & Dock Company.

(Decided March 23, 1923.)

Appeal from Pike Circuit Court.

1. Pleading—Denial of Overpayment and Justice of Plaintiff's Claim Therefor Denies Only Conclusion.—An answer denying that there was an overpayment by plaintiff as the petition alleged and that

plaintiff's claim was just, due, or unpaid, was only a denial of a conclusion stated in the petition, based on averments of facts stated in the petition, and not a denial of the material averments of fact.

2. Pleading—Statement Defendant had no Knowledge of Check is Equivalent to Denial of Sufficient Knowledge or Information to Form a Belief.—An answer, stating that defendant had no knowledge of the check referred to in the petition as an overpayment to defendant, and therefore denying that the check was given to defendant, was equivalent to denying sufficient knowledge or information to form a belief as to whether the check was given.

3. Pleading—Denial of Information as to Facts Presumptively Within Knowledge is Insufficient.—Under Civil Code Practice, section 113, subdivision 7, a denial of sufficient knowledge or information to form a belief is permissible, if the facts are not presumptively within the knowledge of the traverser.

4. Pleading—Denial of Information as to Check Plaintiff Alleged it Paid Defendant is Insufficient.—Where the petition alleged that plaintiff had paid to defendant on account a designated check for a stated sum for which plaintiff had received no credit on the account, defendant is presumed to have known whether it did or did not receive the check, since it must have kept a record of its accounts with plaintiff, and therefore the denial of knowledge as to whether the check was issued by plaintiff or given by defendant was insufficient.

5. Pleading—Answer Alleging Buyer's Negligence in Removing Cars Held Insufficient Statement of Counterclaim.—In an action for an overpayment on a contract for the purchase of the output of defendant's coal mine, an answer, alleging that plaintiff was negligent in allowing five carloads of coal to remain on defendant's side track for a period of twelve days, by reason of which defendant could not operate its mine for that period of time, and could not obtain empty cars for the shipment of coal mined during that period, but which did not allege that plaintiff had agreed to move the coal within a specified time, or that twelve days was an unreasonable delay, or that the cars could have been moved within that time, is insufficient to state a counterclaim, especially since an averment that mining operations were suspended and the averment as to the coal it could have mined if it had been able to obtain empty cars were contradictory.

6. Pleading—Must be Taken Most Strongly Against Pleader.—A pleading must be taken most strongly against the pleader.

7. Sales—Seller Can Recover for Buyer's Failure to Accept Output of Mine Within Reasonable Time.—Where a buyer of the output of a coal mine failed to accept the output within a reasonable time after it was offered, the seller on proper averments could recover any damage resulting to his mine on account of such failure.

8. Sales—Seller of Coal Receiving Contract Price Cannot Recover Excess Commissions Received by Buyer.—A seller of coal who received from his buyer the full price stipulated by the contract can-

not recover from the buyer a commission charged by the buyer for the purchase of the coal, though the buyer also charged a like commission for its resale contrary to the regulations of the fuel administration.

PICKLESEIMER & STEELE for appellant.

J. J. MOORE and R. D. DAVIS for appellee.

Opinion of the Court by Judge Moorman—Affirming.

This is an appeal from a judgment for $2,584.65 rendered on the pleadings after appellant had refused to amend its answer to which a demurrer had been sustained.

It was alleged in the petition that during the year 1918 appellee purchased from appellant a number of cars of coal, and on July 24, 1918, gave to appellant its check No. 656 for $2,595.56 in payment for coal sold and shipped, which amount was subject to a credit of $10.91 for correction on a car shipped April 2, 1918, leaving a balance of $2,584.65; that thereafter appellee continued to purchase coal from appellant and to pay for it until December, 1918, but by mistake and oversight the amount paid on July 24, 1918, was not credited to appellee and was not taken into consideration in the subsequent payments made by it; and that by reason thereof appellant had been overpaid for the coal sold and delivered to appellee in the sum of $2,584.65. For this amount appellee asked judgment.

In its answer appellant denied that it had been overpaid in the sum of $2,584.65 or any other amount, or that appellee's claim against it for that amount or any amount was just, due, or unpaid. By an amended answer and counterclaim it alleged that it had no knowledge of the specific check, No. 656 of date July 24, 1918, amounting to $2,595.56, and therefore denied that any such check had been given to it or issued by appellee. And it alleged that it had contracted to sell appellee the entire output of its mine for the year 1918; that it shipped a number of cars of coal to appellee during that year; that appellee from time to time sent checks to it to be applied as credits on the shipments made; and that the specific check referred to, if delivered to appellant, was only one of several others, and it was not possible to adjust the matter in controversy except by reference to

the master commissioner to take proof and establish the state of accounts between the parties. By separate paragraphs it asserted a counterclaim for $3,600.00, resulting from a delay of twelve days in the operation of its mine, due as it claimed to the negligence of appellee in not moving some loaded cars of coal standing on the track at the mine, and the further claim of $585.00 which it averred appellee had received as commissions in excess of those authorized by the Fuel Administration.

The paragraph that purports to deny the averments of the petition must be tested by section 126 of the Civil Code, which provides that except in certain cases every material allegation of a pleading must be taken as true unless specifically traversed. The petition alleges the payment of $2,595.56, subject to a credit of $10.91, by check No. 656. It also alleges that appellee's accounts were not credited with that payment; that in making subsequent payments for the coal shipped the amount so paid was not taken into consideration, and that by reason thereof appellant received an overpayment of $2,584.65. In its original answer appellant did not deny any of the allegations of fact, but merely denied that there was an overpayment of $2,584.65 or any other sum, and that appellee's claim was just, due, or unpaid. This was but a denial of the conclusion stated in the petition, which was based on averments of fact that appellee was required to make in order to state a cause of action. It was not a denial of the material averments of fact.

The amended answer states that appellant had no knowledge of the specific check referred to in the petition, and therefore denied that the check was issued by appellee or given to appellant. This was equivalent to denying sufficient knowledge or information to form a belief as to whether the check was issued by appellee or given to appellant. Such a denial is permissible under subsection 7 of section 113 of the Civil Code if the facts are not presumptively within the knowledge of the traverser. But it is not permissible if the facts in respect to the allegations are presumptively within his knowledge. Trustees Kentucky Female Orphan School v. Fleming, etc., 10 Bush 234; Gridler, etc. v. Farmers & Drovers' Bank, 12 Bush 333; Barret, etc. v. Godshaw, 12 Bush 592; Mt. Sterling Water, Light & Ice Co. v. First National Bank, etc., 147 Ky. 376; Edge, etc. v. Central Construction Co., 195 Ky. 646. Surely appellant

kept a record of its accounts with appellee and of the payments made thereon. The denial of the conclusion that there had been an overpayment indicates knowledge of the facts. Appellant must therefore be presumed to have known whether it did or did not receive the check of July 24th, and whether that payment was ever credited on appellee's account. Whatever it is the duty of one to know will be presumed to be within his knowledge, and the presumption cannot be evaded by an allegation that he does not have any knowledge of the subject. It follows that the answer admits the issuing of the check and its receipt by appellant, that appellee was never credited with the payment thus made, and that in making subsequent payments that amount was not taken into consideration. These were material averments in the petition, and the additional averment that there was an overpayment was, as we have noted, the statement of a conclusion based on the preceding averments of fact. The denial of the conclusion alone was not a good denial. Hence the demurrer to that paragraph of the answer was properly sustained.

The second paragraph alleges negligence on the part of appellee in allowing five carloads of coal to remain on appellant's sidetrack for a period of twelve days, by reason of which appellant could not operate its mine for that period of time and could not obtain empty cars for the shipment of coal mined during that period, resulting in a loss of $3,600.00. It nowhere alleges that appellee refused to take the coal, but that it allowed five cars to stand on the sidetrack for twelve days. The averments show that the Director General of Railroads, who alone had authority to move cars, was then operating the railroad. And while it is alleged that appellee allowed the cars to stand on the sidetrack, it is not charged that it had agreed to accept or move the coal in any specified time, or that twelve days was an unreasonable delay, or that appellee could have caused the cars to be moved within that time. A pleading must be taken most strongly against the pleader, and although appellant, on proper averments, would be entitled to recover any damage resulting to his mine on account of appellee's failure to comply with the contract, which would include the failure to accept the output within a reasonable time after it was offered, the averments are not specific enough to show that the delay was unreasonable or that appel-

lee was responsible for it. Besides, this paragraph makes contradictory averments in that, although alleging that by reason of the failure to move the five cars mining operations were suspended, it also alleges that appellant could have mined 1,800 tons of coal during that period and sold it at a profit of $3,600.00, if it had been able to obtain empty cars, thus showing that the failure to move the five cars did not suspend mining operations but merely suspended the shipment of coal for that period. And since it is not alleged that appellee failed to take the entire output of the mine at the stipulated price, which appellant alleges was the contract, it is apparent that no cause of action was stated on this phase of the case.

The remaining paragraph asserts a claim for $585.00, arising as claimed from excessive commissions on 3,900 tons of coal purchased from appellant. It is alleged that appellee charged appellant 15c a ton commission and charged the final purchaser a like commission, in violation of the regulations of the Fuel Administration. It is, however, not alleged that appellee failed to pay appellant the contract price of $2.85 a ton for the coal, or that there was any stipulation or provision in the contract that was violated. The substance of this complaint is that appellee received 30c a ton for selling the coal instead of 15c a ton. Conceding that to be true, and that there was a violation of some federal statute or regulation, appellant cannot recover on account thereof unless there was a violation of some provision of the contract resulting in injury to him, and that is not alleged. Appellee may have subjected itself to a penalty for violating a statute or regulation, or on account of some such violation it may be civilly liable to him who has been injured, but appellant's answer does not show that any damage has resulted to it on that account. This paragraph also fails to state a valid defense to the claim asserted in the petition.

For the reasons stated we are of opinion that the trial court rightly sustained the demurrer to the petition.

The judgment is affirmed.