## West Kentucky Coal Company v. Nall et al.

(Decided May 6, 1930.)

250

G. L. WITHERS for appellant.

C. S. NUNN and C. H. LISMAN for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Nall and Bailey sued the West Kentucky Coal Company to recover $2,556.60 for the redemption of miners' orders at face value. It was alleged that between the first of February and the first of April, 1928, the plaintiffs had acquired at full face value in exchange for merchandise a number of metal discs, or miners' orders, issued by defendant for labor, and aggregating the sum claimed. Appropriate allegations were made to show compliance with the Act of March 12th, 1924 (Acts 1924, c. 71, p. 179, Ky. Stats. 1930, sec. 4758b-1), and plaintiffs exhibited with their pleading a verified itemized statement taken from their records showing the names of the laborers, the date the discs were acquired, and the amount received from each person, which exhibit had been presented to the defendant when payment was demanded of it. The answer of defendant contained a categorical denial of the purchase by plaintiffs of the discs to the amount stated, or in any amount, but did not specifically deny that any of the persons whose names were on the list were its miners, or that such persons had sold to plaintiffs the discs shown on the itemized statement. Cf. Newman's Pleading & Practice (3d Ed.), sec. 410, p. 530; Collins v. Fenley, 53 S. W. 667, 21 Ky. Law Rep. 958; Thruston v. Oldham, 6 Bush, 16. The case proceeded precisely as did a previous litigation between the same parties upon a similar claim which was disposed of by this court before the present action was commenced.

Western Kentucky Coal Co. v. Nall & Bailey, 228 Ky. 76, 14 S. W. (2d) 400. The opinion in that case indicates the construction of the statute and establishes the liability of the appellant under circumstances like those appearing in this case.

It is now argued that appellees failed to preserve the original records from which the itemized statement was made, and for that reason recovery should be denied. The statute requires a record to be kept, and further requires that an itemized statement from that record, verified by the claimant or his agent, shall be presented when demand for payment is made. The evidence in this case showed compliance with the statute and the verity of the original entries from which the itemized statement was made was not in issue. Hence it is unnecessary to determine whether the original memoranda must be preserved, or how far they may be relevant when the itemized list, or part of it, is in dispute. Cf. Givens v. Pierson's Adm'x, 167 Ky. 574, 181 S. W. 324, Ann. Cas. 1917C, 956.

It is argued also that the amended answer denied that the discs were issued for labor, and suggested that they may have been stolen or exchanged for produce or props purchased by the appellant. It is deduced from this assumption that the proof was insufficient to sustain the judgment. Passing the sufficiency of the denial, which did not negative the issuance of the particular discs to the miners named, or the purchase thereof by plaintiffs, it appears that prima facie proof was not lacking. The metal disc itself purports to be a "miner's order" and it was proven that customarily they were issued only to the laborers. The suggestion that they may have been stolen or exchanged by the company for produce or props purchased is lacking in force. Such a course of conduct was out of the ordinary and natural order of things, and concerned facts and details entirely within the knowledge of appellant. In matters of that character, constituting affirmative defenses, the burden was upon appellant to plead and prove the facts, if it sought relief upon any such ground. The prima facie case made by the discs themselves in the hands of persons not denied to be entitled to them was not overcome by the mere suggestion of possible defenses not presented. The appellees met the issues presented and were not required to go farther. Union Central Life Ins. Co.

252

v. Jackson, 195 Ky. 438, 242 S. W. 588; Whitteker v. Holcomb, 177 Ky. 790, 198 S. W. 533; Coal Run Mining Co. v. Interstate Coal Co., 198 Ky. 456, 248 S. W. 1024.

The judgment is affirmed.