## Agnew v. L. W. Henneberger Company.

(Decided Oct. 3, 1933.)

D. H. HUGHES and W. A. BERRY for appellant.

C. C. GRASSHAM for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—
Affirming.

On September 14, 1932, John W. Agnew instituted this action in the McCracken circuit court against the L. W. Henneberger Company, a corporation, alleging that under its charter defendant was authorized to issue and sell preferred stock; that he acquired by purchase from defendant 10 shares of its preferred stock, a certificate for which was issued to him on June 1, 1930, and by which it promised and agreed to pay to him on January 1, 1932, dividends due thereon and also

the sum of $100 per share; that on June 1, 1930, the defendant issued to Mrs. Annie Agnew, wife of plaintiff, a certificate representing 6 shares of its preferred stock, and by which it promised to pay on January 1, 1932, all dividends earned on account of such stock and which had not been paid previously, and also the sum of $600; that thereafter Mrs. Annie Agnew died, testate. and by her will, which was duly admitted to probate in the county court of McCracken county, he became the owner of the stock issued to her and entitled to the benefits and proceeds thereof. He prayed for judgment for the amount of the stock ($1,600), with interest.

By answer defendant denied all material allegations of the petition, except that the preferred stock was issued and that plaintiff was the owner of and entitled to the proceeds and benefits thereof. As an affirmative defense it was further averred that the alleged preferred stock certificates sued on were issued in violation of, contrary to and without authority of the law, and that defendant could not and did not bind itself thereby. In another paragraph it was further affirmatively alleged that it had no surplus or earnings from which to pay any part of the alleged preferred stock sued on, and did not owe any part thereof, except as set forth in a judgment of the McCracken circuit court rendered on May 13, 1932, in an action then pending wherein L. W. Henneberger Company was plaintiff and J. W. Agnew, individually and as administrator of Mrs. Annie Agnew, deceased, and others were defendants, and in which action the court was asked to determine and adjudge whether or not the corporation was liable and required to pay J. W. Agnew any part of the 10 shares of preferred stock issued to him or the 6 shares of stock issued to Mrs. Annie Agnew held by him as administrator; that the questions submitted to the court in that action were:

"Whether the holders of the preferred stock certificates, shall be paid and retired as provided in and under said certificates; or whether any part of same or dividends thereon, shall be paid except on authority of the Board of Directors, and then only from the surplus earnings of plaintiff corporation; or at all at any time in preference or to the prejudice of plaintiff's creditors.

"What in fact are the duties and rights of

plaintiff, and defendants and other holders of the preferred stock certificates with reference to the creditors of plaintiff, and as between the holders of the certificates of preferred and common stock in plaintiff corporation.''

It is further alleged that after that action was instituted and summons served on J. W. Agnew, individually and as administrator of Mrs. Annie Agnew, he with other parties defendant through their attorneys entered into a stipulation that the court might at once read and consider the pleadings and any and all other exhibits offered in evidence by plaintiff and defendants, subject to exceptions by either party as to relevancy and competency, and from it determine the several questions submitted, reserving to defendants the right to answer, if they so desired.

The cause having been submitted under this stipulation, the court, among other things, adjudged:

"That the L. W. Henneberger Company (corporation) is not liable to pay, and will not become liable to pay to the defendants, or any other owners or holders of the preferred stock, thereof, any part of the preferred stock or dividends thereon issued by said corporation or owned by defendants and others set out in the petition praying for a declaration of its rights and duties thereon, except when authorized by action of its Board of Directors, which may in its discretion when not to the prejudice of the rights of creditors of said corporation provide for the payment and retirement of the common and preferred stock of the company, or dividends thereon, out of any sufficient surplus earnings of said, L. W. Henneberger Company, which said Board of Directors, may determine available for such purpose.''

It was further alleged that this judgment has never been modified, set aside, or appealed from, and has, ever since its rendition, been in full force and effect and binding upon J. W. Agnew and on the other defendants named in that action; that the board of directors of the corporation had not authorized any payment of any preferred stock or dividends thereon since the rendition of that judgment, and that it would be to the prejudice of the rights of creditors of the corporation to provide for the payment or retirement of the common or preferred

stock of the company or any dividends thereon at the time; that there was not sufficient surplus earnings of the corporation, and the board of directors had not determined that there was a sufficient surplus for such purpose.

The action and adjudication referred to in the answer was pleaded and relied upon as an estoppel and bar to the right of plaintiff to maintain this action. A demurrer to the answer was overruled, and the cause having been submitted on the pleadings, it was adjudged that the petition be dismissed, and plaintiff is prosecuting this appeal.

The stock certificates in controversy are not filed with the petition nor otherwise made to appear in the record. It will be noted that the petition merely alleges that by the certificates appellee promised to pay appellant $100 per share, with interest, on January 1, 1932. The answer specifically denied the allegations of the petition with respect to the maturity of the stock and the promise to pay the principal or interest, thus casting on appellant the burden of proof. Civil Code of Practice, secs. 525, 526, and cases cited in annotations thereunder. When the demurrer to the petition was overruled and the cause submitted upon the pleadings, it is manifest that under the circumstances appellant was not entitled to judgment.

Furthermore it is affirmatively pleaded by the answer and not denied that in a former action between these parties involving the identical subject-matter, every right, question, and fact in issue here was involved and fully determined by a court of competent jurisdiction. Unquestionably, under the uncontroverted allegations of the answer as hereinbefore set forth, the res judicata rule applies and operates as a bar and estoppel to the assertion of the same rights and questions in a later action. Stone v. Winn, 165 Ky. 9, 176 S. W. 933; Wood v. Sharp's Adm'r, 159 Ky. 47, 166 S. W. 787; Lewis v. Lewis, 196 Ky. 701, 245 S. W. 509; Southern Pacific R. Co. v. United States, 168 U. S. 1, 48, 18 S. Ct. 18, 42 L. Ed. 355.

Judgment affirmed.