## Rose et al. v. Gatliff Coal Co.
(Decided Dec. 4, 1936.)

TYE, SILER, GILLIS & SILER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Affirming.

According to their petition, Demaris L. Rose and Emaline Tye are the owners and in the actual possession of three tracts of land in Whitley county, which are described by metes and bounds. The Gatliff Coal Company owns a large boundary of land adjacent to their land. For many years last past the Coal Company has mined across the property line and taken a large tonnage of coal from the lands of plaintiffs and converted the proceeds to its own use. They do not know, and had no means of accurately knowing, the exact amount of coal taken. The coal taken amounted to at least the sum of $25,000. The defendant company knew that it was going across the property line from time to time and taking and mining plaintiffs' coal. Plaintiffs did not know, and had no means of knowing, until within the last year. Said taking was tortious and knowingly done to the damage of the plaintiffs in the sum of $25,-000. In its answer the Gatliff Coal Company denied that it had sufficient knowledge or information to form a belief as to whether or not the plaintiffs or either of them were the owners or in possession of the three tracts of land described in their petition. It further denied that it ever at any time took or mined or carried away any coal belonging to the plaintiffs, or from either of the said three tracts of land, and also denied specifi-

cally all the other allegations of the petition. Later on plaintiffs filed an amended petition pleading in substance the following facts: They are informed, believe, and charge that a vast tonnage of coal has been mined from the land of the plaintiffs, but the amount of which they do not know and have no means of knowing. The mine has fallen in and made it utterly impossible for plaintiffs or any one to go into and survey the mine and locate the property lines under the ground and ascertain the amount or tonnage of said coal wrongfully mined and marketed by the defendant. The defendant knows, and has ample means of knowing, the amount of said coal and the acreage thereof taken by it, but it was utterly impossible for plaintiffs to know or prove said facts. They had made repeated efforts to ascertain the amount of coal taken, when taken, and where taken from their lands, but had been utterly unable to find out the facts. Under the facts, the defendant should be required to come forward with the proof. The burden of proof is on the defendant. Plaintiffs' demurrer to the answer was overruled, and defendant's demurrer to the amended petition was sustained. The case was set for trial. On the calling of the case the plaintiffs by their attorney declined to plead further and moved the court for a judgment on the face of the papers, which motion was overruled. Thereupon plaintiffs by attorney stated in open court that they would not produce or offer any evidence therein, but would stand on their demurrer to the answer, which had been overruled by the court. On motion of the defendant, the case was then dismissed at the cost of plaintiffs. Plaintiffs appeal.

It is first insisted that the demurrer to the answer should have been sustained on the ground that the facts alleged in the petition were presumptively within the knowledge of the Coal Company, and a denial of knowledge or information sufficient to form a belief was insufficient. The rule may be conceded, Edge v. Central Construction Company, 195 Ky. 646, 243 S. W. 19; Coal Run Mining Company v. Interstate Coal & Dock Co., 198 Ky. 456, 248 S. W. 1024; but we find no room for its application. The only fact as to which the Coal Company denied knowledge or information sufficient to form a belief was the title of the plaintiffs to the three tracts of land described in the petition. It hardly can be said that one is presumed to know that others have title to a particular tract of land, and we doubt not that a denial

of title in the manner set forth in the answer was suffi-cient. The same form of denial was not employed in the remaining portion of the answer. On the contrary, every allegation to the effect that defendant entered upon plaintiffs' land and took coal therefrom was spe-cifically denied. That being true, we conclude that the answer was sufficient.

It is further claimed that the court erred in sus-taining the demurrer to the amended petition and dis-missing the action on the failure of plaintiffs to intro-duce any evidence. The argument is that under the allegations of the amended petition it was wholly within the knowledge of the Coal Company whether or not it trespassed upon plaintiffs' land and took coal there-from, and therefore the burden of proof was on the Coal Company. Under our Code the burden of proof in the whole action lies on the party who would be defeated if no evidence were given on either side. Section 526, Civil Code of Practice. An answer specifically denying certain allegations of the petition casts the burden of proof upon plaintiff. Agnew v. L. W. Henneberger Company, 250 Ky. 482, 63 S. W. (2d) 592. The suit is in trespass, and, when the averments of the petition are denied, the burden is on the plaintiff to prove owner-ship of the land, the commission of the trespass, and the amount of damages, and a failure to show title will authorize a peremptory instruction. Le Moyne v. An-derson, 123 Ky. 584, 96 S. W. 843, 29 Ky. Law Rep. 1017; Williams v. Brush Creek Coal Co., 149 Ky. 188, 148 S. W. 372; Griffith Lumber Co. v. Kirk, 228 Ky. 310, 14 S. W. (2d) 1075. As the burden of showing title was on plaintiffs, and they failed to do so, there was nothing for the court to do but dismiss the action.

This conclusion makes it unnecessary to determine when and under what circumstances the burden of proof may be upon the defendant as to a particular fact pecu-liarly within its knowledge.

Judgment affirmed.