## COLEMAN MINING CO. v. McCLANAHAN.

Court of Appeals of Kentucky.
March 9, 1951.

W. R. McCoy, Inez, for appellant.

Jasper H. Preece, Inez, for appellee.

STANLEY, Commissioner.

The case was submitted to a jury on issues of whether the plaintiff, Janie McClanahan, was 'the owner of a parcel of about two acres and the defendant, Coleman Mining Company, had dumped or deposited upon the land rock and other debris in such quantities as to destroy its value. The verdict was for $400 in favor of the plaintiff.

The defendant had denied that the plaintiff owned the land but pleaded alternatively that if she had any title, it was only to the surface and that the defendant owned the minerals and had used the surface necessarily and reasonably for the removal of the coal as it had a right to do. As appellant, the company insists that it was entitled to a directed verdict because of the failure of the plaintiff to prove title.

The parcel is in or contiguous to the town of Warfield. It is on Tug River, and a county road runs through or next to it as does a railroad. It seems to be very rough and of little value except a small part which has been used as a garden spot. In opening the mouth of the mine, the company had dumped debris upon the lot under its claim of right.

The plaintiff received a deed on September 11, 1945, from Nellie Balazas and her husband containing this description:

" 'Situate in Martin County, Kentucky, and on the waters of Buck Creek and adjacent thereto and being all the land owned by the said J. D. Barrett at the time of his death and not theretofore sold and conveyed in the lands described in that certain deed of conveyance from A. Lee Barrett and wife, Alice L. Barrett and Hellèn L. Barrett to J. D. Barrett, bearing date 10th day of Sept., 1900, which is of record in Deed Book No. B, page 307, Martin County Court Clerk's Office.'

"J. D. Barrett since the date of said deed and prior to the date of his death having sold and conveyed by *thee* or deeds several tracts of land off of the above de-

scribed tract of land, which deeds are of record in 'the Clerk's Office of the Martin County Court, and such part or parts of land not sold and conveyed, which is included inside of the deed boundary above referred to and all the land owned by the said J. D. Barrett at the time of his death inside of said boundary is intended and is hereby conveyed."

The beginning instrument in the chain of title which is referred to in the above description is a special warranty deed dated September 10, 1900, from A. Lee Barrett to J. D. Barrett of 203 acres described by metes and bounds. Then comes a sheriff's tax deed for the heirs of J. D. Barrett as grantors of August 19, 1919, to William Damron. The description is the same as that in plaintiff's deed. It is shown that William Damron devised a certain farm (not identified as including the parcel in controversy) to his granddaughter, Nellie Damron, and the residue of his estate to his wife, Polly. He died in 1923. A few months before her death, Mrs. Damron executed a deed dated April 27, 1940, conveying to Mrs. Balazas (nee Damron) all the lands devised to her by the will of her husband, making reference to the sheriff's deed above mentioned. She also devised all of her estate to Mrs. Balazas.

In all the testimony no witness undertook to say that the parcel involved in this case had never been sold and conveyed by J. D. Barrett so that it constituted a remnant which was intended to be embraced in the sheriff's tax deed and later the Damron wills and deed to Mrs. Balazas, the plaintiff's granddaughter. The only evidence of title or ownership is that of Mrs. McClanahan who merely said that she owned the lot and had rented a garden spot to another. It appears that she had a barbed wire run around it a year or two ago. It is not shown that this was a part of the 203 acres covered by the Barrett deed of September 10, 1900, or indeed that it had ever belonged to Barrett.

It is well settled that in an action for trespass when the issue of title is raised, the burden is upon the plaintiff to prove his title. Rose v. Gatliff Coal Co., 266 Ky. 416, 99 S.W.2d 214. The plaintiff failed to prove title, and the court should have directed a verdict for the defendant.

The judgment is reversed.